943 A.2d 662

Inek L. DOVE

v.

MONTGOMERY COUNTY BOARD OF EDUCATION.

No. 1672, Sept. Term, 2006.

Court of Special Appeals of Maryland.

March 5, 2008.

704

Douglas M. Gross (Chirumbole, Gross & Conrad, PC, on brief), Gaithersburg, for appellant.

Wendy B. Karpel (Sharon V. Burrell, Marc P. Hansen, acting County Atty., on brief), for appellee.

Panel BARBERA, WOODWARD and LAWRENCE F. RODOWSKY, (Retired, Specially Assigned), JJ.

WOODWARD, J.

On October 5, 1995, Inek L. Dove, appellant, was injured during the course of her employment with appellee, Montgomery County Board of Education ("the Board"). Dove filed a timely claim with the Workers' Compensation Commission ("Commission") on October 10, 1995. Dove received several awards of disability benefits from the Commission between November 17, 1995 and May 31, 2000. On June 10, 2000, Dove received her last payment of disability benefits from the Board. On June 3, 2005, Dove filed a Request for Reconsideration/Modification of the May 31, 2000 award, stating that she was entitled to additional temporary total disability benefits for the period of November 29, 2001, to the present and continuing.

On February 2, 2006, the Commission held a hearing on Dove's request. At the beginning of the hearing, Dove reduced her request for temporary total disability benefits to two days—August 29, 2002, and September 17, 2002. The Board raised the issue of limitations, arguing that Dove did not have a basis in fact when she filed her request for modification six days before the end of her limitations period. The Commission issued its Award of Compensation on February 10, 2006, finding that Dove's claim was not barred by

limitations under Section 9–736(b)(3) [1] and awarding Dove benefits for the requested two days.

The Board filed a Petition for Review in the Circuit Court for Montgomery County on March 9, 2006, and thereafter filed a Motion for Summary Judgment, which Dove opposed. After a hearing, the circuit court granted the Board's motion for summary judgment, finding that Dove did not have a basis in fact when she filed her June 3, 2005 claim. The court also ruled that she failed to support her claim before the Commission by expert medical testimony and medical records.

Dove filed a timely notice of appeal to this Court and presents the following two issues for appeal:

1. Whether the circuit court, in an essentially *de novo* jury process, can grant an employer's motion for summary judgment on the factual issue of temporary total disability benefits when the claimant prevailed at the Workers' Compensation Commission.

2. Whether a petition to reopen for additional temporary total disability benefits is timely filed when a claimant files the petition within five years of the date of last payment of compensation alleging a change in disability status and the Commission finds a change in disability status by awarding additional disability benefits.

For the reasons set forth herein, we reverse the judgment of the circuit court and remand the case for further proceedings consistent with this opinion.

## BACKGROUND

On October 5, 1995, Dove sustained an injury to her right leg and back while working as a bus driver for the Board. Dove was boarding her school bus during a heavy rain storm when she slipped on the bottom step of the bus and fell upon her right knee. On October 10, 1995, Dove completed and

---

1. Unless otherwise indicated, all subsequent statutory references herein shall be to the Labor & Employment Article, Md.Code (1991, 1999 Repl.Vol., 2007 Cum.Supp.).

filed an Employee's Claim with the Commission. The Board notified the Commission that it did not contest Dove's claim and that it began paying Dove temporary total disability benefits as of October 6, 1995.

The Commission issued its first Award of Compensation and Average Weekly Wage on November 17, 1995, ordering the Board to pay Dove $241.00 per week for the duration of her temporary total disability and provide her with necessary medical treatment and services.[2]

On May 30, 1996, Dove filed Issues with the Commission, requesting a determination of permanent disability to her right leg (knee) and back. On August 7, 1996, the Commission held a hearing on the nature and extent of Dove's injuries. On August 21, 1996, the Commission issued its Award of Compensation, ordering the Board to pay Dove temporary total disability benefits for two time periods: October 6, 1995 through March 29, 1996, and May 29, 1996 through June 16, 1996. The Commission also issued an award of permanent partial disability, which reads:

PERMANENT PARTIAL DISABILITY—APPORTIONMENT APPLICABLE: Under "Other Cases" 20% industrial loss of use of the body as a result of an injury to the back, of which 10% is reasonably attributable to the aforesaid accidental injury and 10% thereof is due to a preexisting condition and has sustained no permanent partial disability to the right leg (knee) as a result of the accidental injury on October 5, 1995[ ]. . . .

On February 11, 1997, Dove filed a request to reopen her August 21, 1996 award because of a worsening of her condition. Dove attached to her request a copy of a report written by her doctor, James Weiss, M.D., and a copy of a prescription for a set of epidural steroid injection treatments. Dove then filed Issues with the Commission on April 21, 1997, requesting

---

2. The award was issued after Dove had filed Issues with the Commission asking it to determine whether the Board has "refused to pay [Dove] [temporary total disability] benefits in a timely fashion in accordance with § 9–713."

temporary total disability benefits and a determination on whether the Board had "failed to authorize chiropractic treatment with Dr. Jonathon Davis, per the recommendation of Dr. James Weiss in his 3/19/97 medical report," which Dove attached to the form. A hearing on the requests was held May 28, 1997.

On June 13, 1997, the Commission issued its Award of Compensation, ordering the Board of Education to pay Dove temporary total disability benefits for the time period "March 3, 1997 to present and continuing." The Commission also ordered the Board to provide Dove medical treatment recommended by Dr. Weiss and awarded Dove's counsel attorney's fees.

On June 16, 1998, Dove underwent back surgery, wherein her doctors fused several vertebrae in her back and performed a bone graft.

On February 16, 2000, Dove filed Issues with the Commission, requesting (1) permanent disability benefits due to a worsening of condition, specifically her back and the disfigurement of her right hip, and (2) the payment of outstanding medical expenses. On May 26, 2000, the parties jointly filed Stipulation of Parties and Award of Compensation. The stipulation indicated that Dove had been deemed temporarily totally disabled during the following time periods—"10/6/95–3/17/96; 5/29/96–6/16/96; 3/4/97–8/1/97; 8/16/97–9/1/97 and 3/27/98–8/29/99"—and temporary partially disabled from March 18, 1996 through March 28, 1996. The parties also stipulated to the following:

The parties agree to a permanent partial disability of 26% body as a whole to the back with 15% [permanent partial disability] to the back related to [date of accident]: 10/5/95 (which represents a 5% increase over the last award of 8/21/96) and 11% [permanent partial disability] due to a pre-existing condition. The parties further agree to stipulate to 5 weeks of compensation for disfigurement to the right hip at the rate of $175.00, payable weekly, beginning 8/30/99 for 80 weeks.

Notably, two medical evaluation reports from Dr. Joseph Y. Lin and Dr. Phillip Schneider were attached to the form. The Commission approved the stipulation on May 31, 2000.

The Board issued a check for Dove's permanent partial disability benefits, in the amount of $7175.00 on June 6, 2000. The check was received by Dove's counsel on June 10, 2000. This check was the last payment received by Dove under the Commission's May 31, 2000 Award of Compensation.

Between May 31, 2000 and June 3, 2005, Dove continued receiving medical treatment for her injuries. As part of the treatment, she received epidural steroid injections on August 29, 2002, and on September 17, 2002.

On June 3, 2005, Dove filed with the Commission a Request for Reconsideration/ Modification of the May 31, 2000 award, stating that she "is entitled to additional temporary total benefits." At the same time Dove also filed Issues, which requested temporary total disability benefits for the time period from November 29, 2001 to the present and continuing, and a medical report from Dr. Harikant Shah dated November 29, 2001.

The Commission held a hearing on February 2, 2006. At the hearing, Dove reduced her request for temporary total disability benefits to only two days—August 29, 2002, and September 17, 2002. Dove introduced two medical reports stating that she received epidural steroid injections on those two days. She did not introduce any disability slips for those days, but when questioned by Commissioner Lauren Sfekas, Dove testified that she did not go to work those days because of the injections.

The Board raised the issue of the statute of limitations before the Commission, arguing that Dove "filed issues without a basis in fact." Citing *Buskirk v. C.J. Langenfelder & Son, Inc.*, 136 Md.App. 261, 764 A.2d 857 (2001), the Board contended that Dove was required to have a basis in fact for her issue(s), *i.e.*, documentation, before she could file her request for additional benefits. Dove countered that *Buskirk* "does not require that [at] the time that the issues were raised

that the claimant ha[ve] all the medical documentation required to prove her case," only a basis in fact for her allegation.

On February 10, 2006, the Commission issued its Award of Compensation. The Commission determined, among other things, that Dove's claim was not barred by the five-year statute of limitations and ordered that the Board pay Dove temporary total disability benefits for August 29, 2002, and September 17, 2002.

On March 9, 2006, a Petition for Judicial Review was filed in the Circuit Court for Montgomery County. On July 24, 2006, the Board filed a Motion for Summary Judgment. Dove filed her opposition to the motion for summary judgment on August 7, 2006.

A hearing on the motions was held on August 26, 2006. The circuit court issued the Order of the Court on September 6, 2006,[3] in which the court granted the Board's motion for summary judgment and remanded the case to the Commission for "an entry of an award reversing its decision to grant temporary total disability benefits to [Dove] for August 29, 2002 and September 17, 2002."

The order states in pertinent part:

In *Buskirk v. C.J. Langenfelder & Son, Inc.*, 136 Md.App. 261, 764 A.2d 857 (2001), Judge Eyler speaking for the Court held that when a petition to reopen to modify a workers' compensation award pursuant to Labor and Employment [§ ] 9–736(b) is filed and the award sought is based on a change in disability status, the petition must be filed within a 5 year period *and* allege a change in disability status, with a basis in fact, as opposed to merely alleging continuing medical treatment. In the case before this Court there was no showing of such a basis in fact. There was merely a bald allegation of temporary total disability from 11/29/01 to present and continuing. Furthermore, this Court notes that [Dove] modified her Petition for Modifica-

---

**3.** The order was entered onto the docket on September 7, 2006.

tion at the hearing before the Commission and alleged that she was temporarily disabled on August 29, 2002 and September 17, 2002. What is significant is that she didn't file for temporary total disability modification until June 3rd, 2005. Additionally, there was no mention of steroid injections when she attempted to toll the statute of limitations with her filing on June 3rd, 2005. The Court concludes that [Dove] rushed to the Workers' Compensation Commission as the statute of limitations curtain was falling and filed a petition with no basis in fact as required by *Buskirk v. C.J. Langenfelder & Son, Inc.,* supra.

Pursuant to the holding in the case of *S.B. Thomas, Inc. v. Thompson,* 114 Md.App. 357, 689 A.2d 1301 (1997) I find that the issue of temporary total disability for August 29th, 2002 and September 17th, 2002 are complicated medical questions especially in light of the fact that [Dove] was seeking a modification and that she had suffered spondylolisthesis to her back that pre-existed the accidental injury of October 5, 1995. Because there were complicated medical questions, expert medical testimony was necessary to establish a prima facie case. *Thomas v. Thompson,* supra. mandates that [Dove] provide medical proof through medical records. [Dove] failed to provide medical proof and therefore the Commissioner had no legal authority to conclude temporary total disability for August 29th and September 17th, 2002 for [Dove].

Dove filed a timely appeal with this Court.

## *DISCUSSION*

### A

### Standard of Review

Summary judgment is appropriately granted if, when viewing the facts in a light most favorable to the non-moving party, "there is no genuine dispute as to any material fact and that the [moving] party is entitled to judgment as a matter of law." Md. Rule 2–501(a); *accord Messing v. Bank of America,* 373

Md. 672, 683–84, 821 A.2d 22 (2003). This Court reviews the circuit court's conclusions of law *de novo*. *Lightolier v. Hoon*, 387 Md. 539, 551, 876 A.2d 100 (2005).

The circuit court relied on two independent grounds in granting the Board's motion for summary judgment. We shall review each ground in turn.

## B

### Statute of Limitations

The circuit court first ruled that Dove's claim was barred by the statute of limitations set forth in Section 9–736(b). The circuit court read this Court's holding in *Buskirk* to require claimants filing petitions to modify awards of compensation to file the petition "within a 5 year period and allege a change in disability status, with a basis in fact." The circuit court concluded that Dove "rushed to the Workers' Compensation Commission as the statute of limitations curtain was falling and filed a petition with no basis in fact as required by *Buskirk v. C.J. Langenfelder & Son, Inc.*," and consequently, ruled that her claim for temporary total disability benefits was barred by the statute of limitations.

"[W]hether a cause of action is barred by the statute of limitations is ordinarily a mixed question of law and fact that may be taken from the jury only when the court determines as a matter of law that the suit was not instituted within the proper time." *James v. Weisheit*, 279 Md. 41, 46, 367 A.2d 482 (1977). In the case *sub judice*, there is no dispute as to the material facts: On May 31, 2000, the Commission issued Dove's last Award of Compensation, approving the parties' stipulation and agreed-upon award of compensation. On June 10, 2000, Dove received the only payment of compensation under the May 31, 2000 award—a check for the permanent partial disability benefits. On June 3, 2005, several days short of the running of the five-year statute of limitations period, Dove filed with the Commission a Request for Reconsideration/Modification and Issues, along with a letter authored by Dr. Harikant Shah. We are thus asked to determine, as a

matter of law, whether such actions taken by Dove are in compliance with the five-year statute of limitations set forth in Section 9–736(b).

Dove argues that the circuit court erred in ruling that her claim before the Commission was not timely filed. Specifically, Dove contends that the circuit court incorrectly read and applied this Court's holding in *Buskirk* to her claim. Dove asserts that she "did file a petition to reopen alleging a specific change in disability status, *i.e.*, the claimant is entitled to additional temporary total benefits" and she did have a basis in fact for her request. Dove further argues that the court's reading of Section 9–736 is erroneous as "nothing in Section 9–736 requires the totality of all written documentation in support of a petition to reopen must be submitted at that time of filing the petition to reopen."

The Board counters that summary judgment was appropriately granted because Dove's claim for temporary total disability benefits did not meet the requirements of Section 9–736(b). In particular, the Board complains that Dove did not "support [her] modification request with medical evidence," as required by this Court in *Buskirk*. The Board argues that, while Dove introduced two medical reports of her epidural steroid injections at the Commission hearing, Dove did not have these reports on June 3, 2005, when she filed her issues with the Commission. The Board asserts that, under *Buskirk*, Dove was required to have these reports at the time of her filing. The Board argues that, if Dove is allowed to succeed in her claim,

> every claimant would be able to file preemptory issues for temporary total disability from the date of the past award of compensation and the ensuing five years in hopes of finding one day of temporary total disability to keep limitations from running. An employer would not know until the date of the hearing the actual basis in fact of the employee's request to reopen. No only would such interpretation of the statute prejudice the employer, but it would encourage the flooding of the Commission with groundless issues in the

hopes of finding a reasonable basis to support issues filed by the time the hearing date arrives.

Furthermore, the Board contends that Dove improperly reduced her request for benefits at the Commission hearing from "November 29, 2001, to present and continuing" to only two days. The Board argues that Dove's reduction of her benefits claim amounts to the raising of new issues, which would be barred because they were raised after the Section 9–736(b)(3) limitations period had expired.

We disagree with the Board and hold that the circuit court erred in ruling that Dove's claim was barred by the statute of limitations. We explain.

At the hearing before the Commission on February 2, 2006, the Board argued that Dove was required to have all medical documentation supporting her claim prior to filing her request for modification with the Commission. Commissioner Sfekas dismissed this argument, stating: "They have to have it today and show it was true back then. They can't get evidence today, that's new evidence." In other words, Commissioner Sfekas ruled that when a claimant files a request of modification of an award of compensation, the claimant does not have to produce all necessary medical documentation at the time of the filing of the request. Rather, the claimant must produce such documentation at the time of the hearing before the Commission and it must show that a change in disability occurred during the period covered by the applicable statute of limitations. A claimant would not be permitted to adduce evidence showing a change in disability status after the running of the statute of limitations.

The question presented by the instant appeal requires us to determine whether Section 9–736(b) includes a requirement that a request for modification of an existing award must be accompanied, at the time of filing, by all necessary medical documentation supporting the claim. Section 9–736(b) reads as follows:

(b) *Continuing powers and jurisdiction; modification.—*
(1) The Commission has continuing powers and jurisdiction over each claim under this title.

(2) Subject to paragraph (3) of this subsection, the Commission may modify any finding or order as the Commission considers justified.

(3) Except as provided in subsection (c) of this section, the Commission may not modify an award unless the modification is applied for within 5 years after the latter of:

    (i) the date of the accident;

    (ii) the date of disablement; or

    (iii) the last compensation payment.

The plain language of Section 9–736(b) does not specify any requirement of filing supporting documentation with a request for the modification of an award of compensation. Indeed, we find only two express requirements under Section 9–736(b): (1) that the modification must be applied for within five years after the latter of the date of the accident, the date of the disablement, or the last compensation payment; and, (2) that the Commission have justification for its ordered modification.

The Commission, however, is granted independent rule-making power under Section 9–701. Regulations concerning the procedure before the Commission can be found in the Code of Maryland Regulations ("COMAR") at Title 14, Section 9. The Commission has promulgated regulations relevant to our inquiry.

First, COMAR 14.09.01.10, entitled "Disclosure of Medical Information," provides in pertinent part: "When a claim has been filed with the Commission, each party promptly shall provide to all other parties copies of all relevant medical information which is in the possession of the party or that is subsequently received by the party." COMAR 14.09.01.10(A). In addition, COMAR 14.09.01.14, entitled "Hearings," requires that the claimant "send the other party or parties ... a detailed list of all medical reports the claimant intends to introduce at the time of hearing," and "prepare an exhibit which shall include all documents which have not been previ-

ously filed with the Commission and which are relevant and necessary to decide the issue or issues to be heard." COMAR 14.09.01.14(A)(2) & (E). We read nothing in these regulations to require that a claimant file all supporting documentation with a request for modification of an award. Rather, at the time of filing, a claimant is only required to provide relevant medical information to the other involved parties (*i.e.*, employer and insurer) that is in his or her possession. Moreover, these regulations clearly contemplate the use of medical information received by either party after the claim is filed with the Commission.

Second, COMAR 14.09.01.16, entitled "Motions for Modifications or Changes," reads in pertinent part:

A. A party seeking modification by the Commission of a prior finding or order shall file with the Commission a motion for reconsideration.

B. The motion shall state specifically the finding or order that the party wishes modified and the facts and law upon which the party is relying as grounds for the modification.

Again, there is nothing in the language of this regulation requiring that a claimant file all medical documentation at the time of filing a request for a modification of an award.

Finally, the forms adopted by the Commission to implement this regulation, namely, Request for Reconsideration/Modification (WCC Form H30R) and Issues (WCC Form H24R), do not mandate the filing of medical documentation.[4] The Request for Reconsideration/Modification instructs a party to submit the basis for the request by completing the following preprinted form:

The undersigned party to this Workers' Compensation Claim hereby requests modification of the Order dated and as justification states:

---

**4.** We accord "a great deal of deference ... to an administrative agency's interpretation of its own regulation." *Md. Transp. Auth. v. King,* 369 Md. 274, 288, 799 A.2d 1246 (2002).

☑ The claimant is entitled to additional temporary total benefits

☑ The claimant's permanent disability has increased

☑ The claimant's permanent disability has decreased

☑ Other

No other information is required to be provided on the form to support the modification request.

At the bottom of the Request for Reconsideration/Modification, however, appears the following preprinted language: "A copy of this form with supporting documentation, *including* Issues (H24R), has been sent to the other parties/attorneys to this action." (Emphasis in original). This language does not, expressly or impliedly, require that all medical documentation supporting a claim for modification be filed or even provided to the other party. Consistent with COMAR 14.09.01.10(A), we read this language as simply directing a party to "provide to all other parties copies of all relevant medical information *which is in the possession of the party* " at the time that the request for modification is filed. (Emphasis added). Also consistent with COMAR 14.09.01.10(A), each party is free to use any relevant medical information "that is subsequently received by the party," provided that copies are provided to all other parties prior to the hearing before the Commission.

Therefore, we conclude that the Commission's regulations and forms governing its procedure do not impose a requirement that a claimant must file all necessary medical documentation with the request for modification of an award of compensation. At the time of the filing of the request, a claimant need only provide to all other parties copies of all relevant medical information then in the claimant's possession. *See* COMAR 14.09.01.10(A). Thereafter, the claimant must supply to all other parties copies of all relevant medical information upon receipt. *See id.*

■ The Board, however, relies on this Court's holding in *Buskirk* in support of its argument. We can find no merit in the Board's position. In *Buskirk,* the appellant was injured in the scope of his employment with the appellee, and the

appellant received awards of compensation from the Commission. 136 Md.App. at 264, 764 A.2d 857. The appellant received his last payment of benefits from the appellee on March 28, 1990. *Id.* On or about May 13, 1993, the appellant filed his Petition to Reopen for Worsening of Condition with the Commission *Id.* The petition did not allege a change in disability status, nor did it request a modification of the appellant's disability status. *Id.* at 267, 764 A.2d 857. Also, accompanying the petition was a letter requesting that the case not be scheduled for a hearing. *Id.* Approximately four years later, in September 1997, the appellant filed a Request for Reopening, Reconsideration, or Rehearing, as well as Issues. *Id.* In the Issues, the appellant requested, *inter alia,* temporary total disability benefits. *Id.* The appellee raised the issue of limitations as to the appellant's request for disability benefits. *Id.* The Commission agreed with the appellee and held that the second petition to reopen was not timely filed within the five-year statute of limitations under Section 9–736(b), and that the first petition to reopen did not toll the statute. *Id.* The circuit court affirmed. *Id.*

Judge James R. Eyler, writing for this Court, affirmed the judgment of the circuit court, holding that, "when a petition to reopen to modify an award is based on a change in disability status, the petition must be filed within the five year period and allege a change in disability status, *with a basis in fact,* as opposed to merely alleging continuing medical treatment." 136 Md.App. at 263–264, 764 A.2d 857 (emphasis added). This Court specifically found that the first petition to reopen "did not contain a request for hearing, nor did it raise an issue as to disability status." *Id.* at 268, 764 A.2d 857. Rather, "[i]t was not until the request for reopening filed on September 15, 1997, after expiration of the five-year limitations period contained in section 9–736, that appellant gave notice of his intention to reopen his original claim due to a change in disability status." *Id.* Because the appellant did not request or allege a change in disability, with a basis in fact, in his first petition, this Court affirmed the decision that the appellant's

claim was barred by Section 9–736(b)(3). *Id.* at 272, 764 A.2d 857.

*Buskirk* requires that a claimant have a "basis in fact" for an alleged change in disability status at the time of the filing of a request to modify an award. *Id.* at 263, 764 A.2d 857. In the instant case, the Board contends that the phrase "basis in fact" means that a claimant must obtain and file all necessary medical documents supporting the claim before the expiration of the limitations period and cannot supplement such documentation after that time. To hold otherwise, the Board claims, would allow a claimant to "file blanket issues at the Commission with no supporting documentation" in order to "keep limitations from running."

We cannot find the requirement advocated by the Board in the three words utilized in *Buskirk.* Instead, we read this Court's use of the phrase "basis in fact" to mean that the claimant must have a reasonable basis for the claim at the time of filing.[5] The phrase does not mean that a claimant must file, with a request to modify an award, all necessary medical documentation supporting such request, or even sufficient medical documentation to establish a *prima facie* case for a change in the claimant's disability status. Of course, the medical proof ultimately adduced at a hearing on the request to modify must be sufficient to establish that the change in the claimant's disability status occurred prior to the expiration of the statute of limitations. When the claimant obtains such medical proof is, in our view, irrelevant, except in so far as any

---

5. Counsel for a claimant is still bound by the Maryland Lawyer's Rules for Professional Conduct and Attorney Trust Accounts. Rule 3. 1, entitled "Meritorious claims and contentions," mandates:

> A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous. . . .

Additionally, the Workers' Compensation Act provides the Commission with the authority to "assess against the person [who has brought a proceeding without any reasonable ground] the whole cost of the proceeding, including reasonable attorney's fees." § 9–734. *See also* § 9–749 ("If a court determines that the ground for an appeal is not a reasonable ground, the court shall assess against the appellant the whole cost of appeal, including reasonable attorney's fees.").

right of the employer/insurer to be provided with the claimant's medical documentation prior to the hearing before the Commission.[6]

In the case *sub judice*, Dove filed a request to modify a compensation award within the five-year statute of limitations and alleged therein a change in her disability status by requesting additional temporary total disability benefits. Dove was aware, at the time of her filing, of steroid injections that she had received on two separate dates, but she did not have the documentation of those medical procedures at that time. In accordance with *Buskirk*, we conclude that Dove had a factual basis for her change in disability status at the time of her filing a request for modification of the May 31, 2000 award. Indeed, not only did Dove have a factual basis, she proved her claim at the hearing, because the Commission found that she was temporarily totally disabled on the two days of her steroid injections—August 29, 2002, and September 17, 2002.[7]

■ Finally, the Board complains about Dove's decision to decrease her claim for temporary total disability benefits at the hearing from "November 29, 2001 to the present" to only two days—August 29 and September 17 of 2002. The Board asserts that the reduction of Dove's claim constitutes "new issues raised at the February 6, 2006 hearing" and "thus are barred by the statute of limitations." We do not find that

6. At oral argument before this Court, the Board stated that Dove failed to provide the Board with her medical documentation in a timely manner. The Board, however, never raised this objection before the Commission.

7. Dove attached to her request for modification a letter written by Dr. Shah, stating that Dove was disabled from November 29, 2001 onward as a result of the October 5, 1995 back injury. At the hearing before the Commission, however, Dove did not introduce Dr. Shah's letter in support of her claim of temporary total disability on August 29, 2002, and September 17, 2002. The Board thus argues that Dove did not have a "basis in fact" for her claim at the time of the filing of her request. Again, whether a claimant had a "basis in fact" is not determined by the existence of medical documentation at the time of the filing of the request for modification of an award.

Dove raised new issues before the Commission at the February hearing. Instead, Dove chose two specific days within the time period that she alleged to be temporarily totally disabled in her request to modify, which was filed within the limitations period. Indeed, the result of the hearing would not have been any different if Dove failed to reduce her claim to two days, proceeded with the original claim of temporary total disability from "November 29, 2001 to present and continuing[,]" and offered the same evidence. The Commission still would have found in favor of Dove for disability benefits on August 29, 2002, and September 17, 2002, but not for any other day within that time period.

In sum, we find that the circuit court erred in granting the Board's motion for summary judgment on the basis that Dove's request for additional temporary total disability benefits was barred by the five-year limitations period specified in Section 9–736(b)(3).

## C
### Sufficiency of the Evidence

Dove next contends that the circuit court also erred in granting the Board's motion for summary judgment when it ruled that she had "failed to provide medical proof" in establishing her prima facie case before the Commission. Specifically, Dove argues that the circuit court "failed to consider the shifting of burdens" and "sought to substitute its judgment for that of the Commission." Dove asserts that, under *Baltimore County v. Kelly*, 391 Md. 64, 891 A.2d 1103 (2006), because she prevailed at the Commission, she "need not present any evidence [to support the Commission's finding] and can rely on the presumption [of correctness of the Commission's ruling] without suffering a motion for summary judgment."

The Board counters that medical evidence produced at the Commission hearing was insufficient to establish that she was temporarily totally disabled on August 29, 2002, and September 17, 2002. Specifically, the Board argues that Dove "provided no disability slips at the Commission hearing or before

the circuit court." Citing to *S.B. Thomas, Inc. v. Thompson,* 114 Md.App. 357, 689 A.2d 1301 (1997), the Board argues that Dove was required to support her claim with medical proof because "temporary total disability is a complicated medical question." [8]

A party dissatisfied with an action of the Commission may seek review of that action in the circuit court. Such party may choose to have the action judicially reviewed using the record made before the Commission or have an entirely new evidentiary hearing and decision before a jury. *S.B. Thomas,* 114 Md.App. at 364, 689 A.2d 1301. Section 9–745 provides the statutory framework for these appeal proceedings:

(a) *In general.*—The proceedings in an appeal shall:

(1) be informal and summary; and

(2) provide each party a full opportunity to be heard.

(b) *Presumption and burden of proof.*—In each court proceeding under this title:

(1) the decision of the Commission is presumed to be prima facie correct; and

(2) the party challenging the decision has the burden of proof.

---

8. The Board also argues that the letter authored by Dr. Shah, dated November 29, 2001, which was filed with Dove's request, "does not support a claim for temporary total disability for those two days," because the letter was written *"prior to* the dates of the alleged disability" and there is nothing in the letter that "refers to a new temporary total disability rather than her permanent partial disability." Moreover, the Board complains that, although Dove provided the letter as the basis for her request to modify the award at the time of filing, she did not offer the letter into evidence at the hearing before the Commission. The Board's argument is misplaced because it proceeds from a premise that we have rejected in this opinion, namely, that Dove had to file, with her request for modification, all necessary medical documentation supporting her claim. From that premise, the Board reaches the equally faulty conclusion that the sufficiency of the evidence is determined by reviewing the documents attached to Dove's request for modification rather than the evidence adduced at the hearing before the Commission.

(c) *Determination by court.*—The court shall determine whether the Commission:

(1) justly considered all of the facts about the accidental personal injury, occupational disease, or compensable hernia;

(2) exceeded the powers granted to it under this title; or

(3) misconstrued the law and facts applicable in the case decided.

(d) *Request for jury trial.*—On a motion of any party filed with the clerk of the court in accordance with the practice in civil cases, the court shall submit to a jury any question of fact involved in the case.

(e) *Disposition.*—(1) If the court determines that the Commission acted within its powers and correctly construed the law and facts, the court shall confirm the decision of the Commission.

(2) If the court determines that the Commission did not act within its powers or did not correctly construe the law and facts, the court shall reverse or modify the decision or remand the case to the Commission for further proceedings.

■  Where, as here, a party elects a jury trial, the proceedings are not "truly" *de novo,* but an "essential trial *de novo:* "

A true trial *de novo* [is] described as one in which all of the parties [are] put back at square one to begin again just as if the adjudication being challenged had never occurred. Accordingly, "[w]hichever party ... had the burden of production and the burden of persuasion before the Commission would again have those same burdens before the circuit court." An "essential trial *de novo* " differs, however, due to the conditions required by [ ] § 9–745(b)—that the decision of the Commission be presumed as *prima facie* correct, and that the burden of proof be placed on the party attacking the decision.

*Kelly,* 391 Md. at 75 n. 4, 891 A.2d 1103 (quoting *Kelly v. Baltimore County,* 161 Md.App. 128, 137, 867 A.2d 355 (2005) (citation omitted)).

In our recent opinion in *Smith v. Howard County,* 177 Md.App. 327, 338, 935 A.2d 450 (2007), Judge Kenney elaborated:

> If the claimant does not prevail before the Commission and elects to proceed in circuit court by way of a jury trial, the parties retain their initial burdens of proof and persuasion. For practical purposes, this means that the claimant has the burden of producing a *prima facie* case before the trial court, lest he suffer a directed verdict against him, just as he, as the original proponent, had that same burden before the Commission.
>
> If, on the other hand, the claimant prevails before the Commission, the burden of proof, which was borne by the claimant before the Commission, switches to the employer before the circuit court. In such a case, the decision of the Commission is, *ipso facto,* the claimant's *prima facie* case. Indeed, the successful claimant, as the non-moving party on appeal, has no burden of production. The claimant cannot, therefore, suffer a summary judgment (or, perhaps, a directed verdict at the end of the [employer's] case) against it on the ground that it failed to produce a prima facie case.
>
> This switching of burdens, however, is based on the Commission's actual consideration of conflicting evidence as to essential facts or the deduction of permissible but diverse inferences therefrom. It is the Commission's solution of such conflict [that] is presumed to be correct, and the party attacking its solution must demonstrate why it is erroneous, if at all.

(Citation and internal quotations omitted).

█ In the case *sub judice,* because Dove was the prevailing party before the Commission, the burden of production and persuasion at the circuit court level shifted to the Board. The decision of the Commission is Dove's *prima facie* case, provided that the Commission had before it "the minimum

evidence necessary to support an award." 8 Arthur Larson & Lex Larson, LARSON'S WORKERS' COMPENSATION LAW, § 130.06[3][a] (2006). Here, the Commission had before it medical documentation of two epidural steroid injections, one on August 29, 2002, and the other on September 17, 2002, along with Dove's testimony that she could not work on those days because of the injections and that she had no new injuries since the accident of October 5, 1995. Also admitted into evidence before the Commission was the entire history of Dove's claims arising out of the October 5, 1995 accident, including records of medical treatment, medical reports, and prior compensation awards. These documents indicated, among other things, that Dove injured her back in the accident, underwent spine surgery, and developed chronic lower back pain and left radiculopathy. Dove received epidural steroid injections in 2000 and received some relief. In 2001, Dove's doctor, Jo–Anne Kelly, M.D. recommended another series of epidural injections, but Dove did not receive approval for them from her "insurance company" until August of 2002. These injections are the basis for Dove's claim of temporary total disability in the instant case.

▉ Based on the aforementioned evidence, the Commission determined that Dove was temporarily totally disabled on August 29, 2002, and September 17, 2002, as a result of the injuries sustained in the accident of October 5, 1995. Our review of this evidence indicates that it was sufficient to support the Commission's award. Accordingly, the Commission's decision in favor of Dove was *prima facie* correct and thus Dove "cannot suffer a summary judgment ... against [her] on the ground that [she] failed to produce a prima facie case." *Bd. of Educ. for Montgomery County v. Spradlin,* 161 Md.App. 155, 197, 867 A.2d 370 (2005).

Our conclusion is supported by the recent Court of Appeals opinion in *Kelly,* 391 Md. 64, 891 A.2d 1103. That case involved William Kelly, a Baltimore County police officer who was injured in an automobile accident while on duty. *Id.* at 68, 891 A.2d 1103. Kelly filed a claim with the Commission

asserting that the accident aggravated a prior back injury, which necessitated surgery to his lower back. *Id.* Baltimore County ("County") opposed the claim, arguing that the sole cause of the need for surgery was the pre-existing back injury. *Id.* After a hearing, the Commission issued a decision in favor of Kelly. *Id.*

The County petitioned for judicial review in the circuit court and moved for summary judgment. *Id.* The County argued, as the Board does here, that the claimant failed to adduce sufficient medical evidence before the Commission to support the award, and consequently, the County was entitled to judgment as a matter of law. *Id.* In response to the motion, Kelly, like Dove in this case, offered no supplemental evidence, but relied on the evidence in the record before the Commission and the presumption of the correctness in the Commission's decision. *Id.* at 72–73, 891 A.2d 1103. The trial court agreed with the County and granted summary judgment reversing the Commission's decision. *Id.* at 68–69, 891 A.2d 1103.

This Court reversed the judgment of the circuit court, thereby reinstating the Commission's decision, and the Court of Appeals affirmed. *Id.* at 69, 81, 891 A.2d 1103. After reviewing the legal framework for an "appeal" of a decision of the Commission in the circuit court, as previously discussed in this opinion, the Court of Appeals stated:

Here, Kelly, the prevailing party before the Commission, was not obliged to adduce medical testimony affirmatively establishing the issue of causation at the stage in the Circuit Court proceedings when summary judgment was sought by the County and granted by the court. The Commission reviewed the competing evidence before it and determined that the accidental injury sustained on October 24, 2002 exacerbated Kelly's pre-existing condition requiring the need for back surgery. Thus, like the Court of Special Appeals, we conclude that the evidence gave rise to permissible inferences from which the Commission could have rationally reached its conclusion. We have stated that the general rule in Work[ers'] Compensation cases is that where

there is *any* evidence from which a rational conclusion may be drawn, as opposed to the theory of prayer for a directed verdict, the trial court must leave to the jury all considerations as to the weight and value of such evidence.

*Kelly,* 391 Md. at 80, 891 A.2d 1103 (alterations, citations, and internal quotations omitted).[9]

In the case *sub judice,* we have determined that there was sufficient evidence, medical and otherwise, to support the Commission's award. Accordingly, the Commission's decision is prima facie correct and raises a genuine dispute to a material fact that precludes the entry of summary judgment in favor of the Board.

## JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY REVERSED; CASE REMANDED

---

**9.** We also find the Board's reliance on *Griggs v. C&H Mech. Corp.,* 169 Md.App. 556, 905 A.2d 402 (2006), misplaced. In *Griggs,* the claimant, Griggs, was injured during the course of his employment with appellee but failed to file a claim within the statutory-prescribed two year period of his injury. *Id.* at 561, 905 A.2d 402. The Commission, however, ruled Griggs' claim compensable. *Id.* at 561, 905 A.2d 402. The appellee appealed to the circuit court and moved for summary judgment, arguing that Griggs' claim was statutorily barred because he filed more than two years after the injury. *Id.* at 562, 905 A.2d 402. Griggs put forth an estoppel argument under Section 9–709(d)(1). *See id.* The circuit court granted summary judgment and we affirmed. *Id.* at 562–63, 905 A.2d 402.

In so holding, we followed the standard of review for decisions of the Commission set forth in *Kelly;* however, we then stated that Griggs "could not rely upon the Commission's decision to create a material factual dispute on [the issue of the estoppel defense], because the Commission did not consider or decide whether [the] appellee[ is] estopped to invoke the bar of limitations." *Id.* at 573, 905 A.2d 402. "Because [the] estoppel [argument] was never considered by the Commission, the circuit court [could not] logically treat the Commission's decision as evidence of estoppel" and therefore Griggs could not rely on the Commission's decision to overcome summary judgment. *Id.* at 574, 905 A.2d 402.

In the case *sub judice,* the Commission explicitly found that Dove was temporarily totally disabled on August 29 and September 17. Dove was not opposing the Board's summary judgment motion on an issue not previously decided by the Commission. The issue of temporary total disability was decided by the Commission. Consequently, under *Kelly* and *Griggs,* Dove could rely on the Commission's decision to overcome the Board's motion for summary judgment.

TO THAT COURT FOR PROCEEDINGS CONSISTENT
WITH THIS OPINION; APPELLEE TO PAY COSTS.