*Montgomery County, Maryland v. Fernando Rios*, No. 2642, September Term 2018. Opinion by Beachley, J.

**WORKERS' COMPENSATION—STATUTE OF LIMITATIONS**

Rios filed a request for modification of his workers' compensation award, alleging permanent partial disability, less than one month before the expiration of the statute of limitations. At the time of filing, he had not yet obtained a medical evaluation for permanent impairment as required by COMAR 14.09.09.02B. He obtained the medical evaluation prior to the hearing but after the statute of limitations had expired. The Workers' Compensation Commission held that Rios's claim was not barred by the statute of limitations and awarded the modification.

The County noted a record appeal to the Circuit Court for Montgomery County, alleging that Rios's claim was barred by the statute of limitations due to Rios's failure to obtain the medical evaluation prior to the expiration of limitations. The circuit court affirmed the Commission's decision, and the County appealed.

*Held*: Judgment affirmed. Section 9-736(b)(3) of the Labor and Employment Article only requires that the modification of the award be "applied for" within the limitations period. Consistent with *Gang v. Montgomery Cty.*, 464 Md. 270 (2019), which held that failure to file a Motion for Modification form required under COMAR within the limitations period does not bar an otherwise timely claim, Rios was likewise not required to have a written medical evaluation prior to the expiration of limitations. Thus, the Court rejected the County's argument that COMAR imposed an additional requirement— obtaining a written medical evaluation—to satisfy limitations as prescribed by LE § 9-736(b)(3). Furthermore, the Court rejected the County's argument that, absent a written medical evaluation, Rios could not have a "basis in fact" for his modification request as required by *Buskirk v. C.J. Langenfelder & Son, Inc.*, 136 Md. App. 261 (2001).

Circuit Court for Montgomery County
Case No. 442473V

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 2642

September Term, 2018

_____

MONTGOMERY COUNTY, MARYLAND

v.

FERNANDO RIOS

_____

Beachley,
Wells,
Adkins, Sally D.
    (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Beachley, J.

_____

Filed: February 28, 2020

*Gould, Steven B., J., did not participate in the Court's decision to designate this opinion for publication pursuant to Maryland Rule 8-605.1.

Pursuant to Maryland Uniform Electronic Legal Materials Act (§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

The Workers' Compensation Commission ("Commission") granted appellee Officer Fernando Rios's request for modification of a prior award for permanent partial disability benefits, implicitly finding that the claim was not barred by limitations. Appellant/employer Montgomery County noted a record appeal to the Circuit Court for Montgomery County, which affirmed the Commission's decision.

In this Court, Montgomery County presents a single question, which we have rephrased:

> Is Officer Rios's claim barred by the applicable five-year statute of limitations because he did not obtain a medical evaluation for permanent impairment as required by COMAR until after the expiration of limitations?

We answer this question in the negative and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Officer Rios was employed as a police officer by Montgomery County. During the course of his work, he suffered an injury to his left shoulder while trying to subdue a suspect. The Commission found his injury compensable in an Order dated May 20, 2009. On September 24, 2012, Rios received a supplemental award of compensation. Rios received the last payment on that award on October 8, 2012.

On September 15, 2017, Rios filed a Request for Modification with the Commission, alleging worsening of his left shoulder and requesting additional temporary total disability benefits and an increase in permanent disability. Rios had not obtained a physician's written evaluation of permanent impairment at the time he filed his Request for Modification. A hearing was originally scheduled for November 27, 2017, but was continued at Rios's request to December 20, 2017. Rios requested the continuance because

his medical evaluation for permanent impairment was scheduled for November 29, 2017, two days after the original hearing date. At the December 20, 2017 hearing, Montgomery County asserted that Rios's Request for Modification was barred by limitations because the medical evaluation for permanent impairment was not completed until after the applicable five-year statute of limitations had run. Following the hearing, the Commission found that Rios was entitled to an increase in permanent partial disability. The Commission's decision did not expressly address the limitations issue.

Dissatisfied with the Commission's decision, Montgomery County noted an "on the record" appeal to the Circuit Court for Montgomery County.[1] After the circuit court affirmed, Montgomery County timely noted this appeal.

**DISCUSSION**

We recently stated the appropriate standard of review for "on the record" appeals from the Commission:

> When reviewing workers' compensation awards in cases where the claimant sought review on the record (rather than a de novo review involving a new evidentiary hearing), we look through the decision of the circuit court and evaluate the Commission's decision directly. *W.R. Grace & Co. v. Swedo*, 439 Md. 441, 452–53 (2014). Our task is "to determine whether the Commission: (1) justly considered all of the facts about the . . . occupational disease . . . ; (2) exceeded the powers granted to it under [the Act]; or (3) misconstrued the law and facts applicable in the case decided." LE § 9-745(c).[2] "The court must confirm the decision unless it determines that the Commission exceeded its authority or misconstrued the law or facts."

---

[1] Rios filed a cross-petition for judicial review in the circuit court, which he dismissed in December 2019.

[2] All statutory references herein are to the Labor and Employment Article of the Maryland Code (1957, 2016 Repl. Vol.).

2

> *Richard Beavers Constr., Inc. v. Wagstaff*, 236 Md. App. 1, 13 (2018) (*citing Uninsured Empl'rs' Fund v. Pennel*, 133 Md. App. 279, 288–89 (2000)).

*Montgomery Cty. v. Cochran*, 243 Md. App. 102, 112 (2019) (alterations in original), *cert. granted*, No. 379, Sept. Term, 2019 (Md. Feb. 11, 2020).

A determination that a claim is barred by the statute of limitations "is ordinarily a mixed question of law and fact." *Dove v. Montgomery Cty. Bd. of Educ.*, 178 Md. App. 702, 712 (2008) (quoting *James v. Weisheit*, 279 Md. 41, 46 (1977)). In this case, because the parties agree that the relevant facts are not in dispute, the limitations issue is purely a question of law. Thus, "[i]n an appeal of a workers' compensation case, when the issue presented is an issue of law, 'we review the decision *de novo*, without deference to the decisions of either the Commission or the circuit court.'" *Zakwieia v. Balt. Cty. Bd. of Educ.*, 231 Md. App. 644, 648 (2017) (quoting *Long v. Injured Workers' Ins. Fund*, 225 Md. App. 48, 57 (2015)).

The Maryland Workers' Compensation Act ("the Act") was enacted in 1914 with the purpose of "protect[ing] workers and their families from hardships inflicted by work-related injuries by providing workers with compensation for loss of earning capacity resulting from accidental injury arising out of and in the course of employment." *Gang v. Montgomery Cty.*, 464 Md. 270, 278 (2019) (quoting *Roberts v. Montgomery Cty.*, 436 Md. 591, 603 (2014)). The Act created the Workers' Compensation Commission to administer the law. *Id.* at 279 (quoting *Egeberg v. Md. Steel Prods. Co.*, 190 Md. 374, 379 (1948)); LE § 9-301. The General Assembly provided the Commission "'with the power to carry out the intent of the Act[,]' such that its 'jurisdiction includes the authority to approve

3

claims, reopen cases, make determinations on employment relationships, determine liability of employers, award lump sum payments, approve settlements, [and] award fees for legal services, funeral expenses, and medical services.'" *Gang*, 464 Md. at 279 (quoting *Temp. Staffing, Inc. v. J.J. Haines & Co., Inc.*, 362 Md. 388, 400 (2001)); LE § 9-309, 9-701. The Commission's powers also include the authority to "adopt reasonable and proper regulations to govern the procedures of the Commission." LE § 9-701(1). The validity of a regulation promulgated by the Commission is determined by "whether the regulation is consistent with the letter and spirit of the law under which the [Commission] acts." *McLaughlin v. Gill Simpson Elec.*, 206 Md. App. 242, 257 (2012) (quoting *Lussier v. Md. Racing Comm'n*, 343 Md. 681, 687 (1996)). A valid regulation "has the force of law[] and creates new law or imposes new rights or duties." *Id.* (quoting *Sec'y, Dep't of Pub. Safety & Corr. Servs. v. Demby*, 390 Md. 580, 606 (2006)).

When analyzing a statute, we determine the intent of the legislature by first looking to the plain meaning of the words of the statute. *Id.* at 253. When there is ambiguity, the Act "should be construed as liberally in favor of injured employees as its provisions will permit in order to effectuate its benevolent purposes. Any uncertainty in the law should be resolved in favor of the claimant." *Gang*, 464 Md. at 279 (quoting *Stachowski v. Sysco Food Servs. of Balt., Inc.*, 402 Md. 506, 513 (2007)). This general rule of liberal construction is also applicable to the interpretation of regulations. *Hranicka v. Chesapeake Surgical, Ltd.*, 443 Md. 289, 302 (2015). However, the statute of limitations is to be strictly construed. *McLaughlin*, 206 Md. App. at 254 (citing *Stevens v. Rite-Aid Corp.*, 340 Md. 555, 568 (1995)).

4

LE § 9-736(b)(3) establishes the limitations period for modification of a workers' compensation award:

> (3) Except as provided in subsection (c) of this section, the Commission may not modify an award unless the modification is applied for within 5 years after the latter of:
>
> (i) the date of the accident;
>
> (ii) the date of disablement; or
>
> (iii) **the last compensation payment**.

(Emphasis added).

In addition to the statute of limitations prescribed by LE § 9-736(b)(3), two regulations are at issue in this case, Md. Code Regs. (COMAR) 14.09.09.02B and 14.09.03.02F. 14.09.09.02B states:

> Prior to filing an Issues Form raising permanent disability, the party filing the issue shall have obtained a written evaluation of permanent impairment prepared by a physician, psychologist, or psychiatrist in accordance with Regulation .03 of this chapter.

14.09.03.02F states:

> A party that has filed issues and is not ready to proceed at the hearing shall withdraw the issues.

The parties agree that the limitations period for Rios to file a request for modification ended on October 8, 2017, five years after he received his last compensation payment. Although Montgomery County recognizes that Rios's request for modification was filed within limitations, it argues that "[t]he September 15, 2017 filing failed to toll the statute of limitations . . . because [Rios] did not have a written evaluation of permanent impairment as required by the applicable COMAR regulations." In a closely-related

5

argument, Montgomery County maintains that Rios had no "basis in fact" to support his requested modification because he did not have the written evaluation of permanent impairment as of the September 15, 2017 filing. Finally, Montgomery County argues that, even if the September 15, 2017 filing were timely, the Issues identified in Rios's Request for Modification were automatically withdrawn, pursuant to 14.09.03.02F, when Rios had not yet obtained a written medical evaluation by November 27, 2017, the original hearing date. Under any of these scenarios, Montgomery County contends that Rios's claim is barred by limitations.

We hold that Rios's filing of his request for modification on September 15, 2017, was sufficient, concluding that the COMAR requirement of obtaining a written medical evaluation prior to filing is not a prerequisite contemplated by LE § 9-736(b)(3) for limitations purposes. We further hold that a claimant such as Rios is not required to have a written evaluation for permanent impairment in order to satisfy the caselaw's requirement that the claimant have, at the time of filing, a "basis in fact" to support his claim. Finally, we conclude that Montgomery County's argument that Rios's claim was withdrawn pursuant to 14.09.03.02F was not preserved.

## I.    Rios's Claim Is Not Time-Barred

Montgomery County does not dispute that Rios filed a request for modification of his award within five years of "the last compensation payment" as prescribed by LE § 9-736(b)(3)(iii). Rather, as previously noted, Montgomery County claims that Rios's request for modification was not timely because, at the time of filing his request for modification on September 15, 2017, Rios had not obtained a written evaluation of permanent

6

impairment as required by COMAR 14.09.09.02B.  In Montgomery County's view, the Commission's promulgation of 14.09.09.02B is within the statutory enabling authority provided by LE §§ 9-701(1) and (2) to adopt "regulations to govern the procedures of the Commission" and "determine the nature and the form of an application for benefits or compensation."  Thus, according to Montgomery County, Rios's request for modification, although filed on September 15, 2017, within limitations, is nevertheless time-barred because Rios failed to obtain a written evaluation of permanent injury within the five-year limitations period that expired on October 8, 2017.

The Court of Appeals's recent decision in *Gang*, 464 Md. 270, is instructive.  Nearly four years after obtaining a compensation award from the Commission, Gang filed a "Request for Document Correction" seeking an adjustment of his prior award.  *Id.* at 274–75.  After the Commission modified Gang's award, the County appealed.  *Id.* at 275–76.  Although the County acknowledged that Gang's Request for Document Correction was filed within the five-year limitations period prescribed by LE § 9-736, the County argued that Gang was also required to file a "Motion for Modification" form as required by COMAR 14.09.03.13.  *Id.* at 292.  The County relied on 14.09.03.13A and B, which provided:

> A.  A party seeking modification of a prior finding or order *shall file the form captioned Motion for Modification* and simultaneously file an Issues form identifying the issue to be resolved.

> B.  A party seeking modification must file a Motion for Modification within 5 years of the later of the date of the accident, the date of disablement, or the date of the last compensation payment.

(Emphasis added).

7

As in the instant case, the County argued that, because "the Commission is given wide discretion in promulgating regulations 'to govern the procedures of the Commission' and to 'determine the nature and the form of an application for benefits or compensation,'" Gang's failure to file the "Motion for Modification" form within limitations required dismissal of Gang's claim. *Gang*, 464 Md. at 293. The Court of Appeals rejected the County's argument, concluding that Gang's claim was not barred by limitations because Gang complied with LE § 9-736(b)(3) when he filed his Request for Document Correction within five years of the last payment of compensation. *Id.* In short, the Court of Appeals refused to engraft the COMAR regulation onto LE § 9-736(b)'s limitations provision.

We likewise reject Montgomery's County's argument that Rios's timely request for modification was legally insufficient because he did not obtain a written medical evaluation prior to filing his request. As noted previously, COMAR 14.09.09.02B provides: "Prior to filing an Issues Form raising permanent disability, the party filing the issue shall have obtained a written evaluation of permanent impairment prepared by a physician[.]" In light of the *Gang* Court's holding that, for limitations purposes, Gang was not required to *file* a Motion for Modification form as prescribed by the regulations, we conclude that Rios similarly was not required to *have obtained* the written evaluation of permanent impairment prior to filing as prescribed by the regulations. Here, Rios filed his Request for Modification on September 15, 2017, a date that is clearly within the five-year statute of limitations. As *Gang* informs, because Rios filed his Request for Modification within the statutorily prescribed five years from the last payment of compensation, Rios's claim is not time-barred. In addition to being consistent with *Gang*, our holding conforms to the

8

established principle that the Commission's regulations "cannot override the plain meaning of the statute or extend its provisions beyond the clear import of the language employed." *Giant Food, Inc. v. Eddy*, 179 Md. App. 633, 643 (2008) (quoting *Vest v. Giant Food Stores, Inc.*, 329 Md. 461, 476 (1993)). We therefore reject Montgomery County's argument that 14.09.09.02B imposes an additional requirement—obtaining a written evaluation of permanent impairment—to satisfy limitations under LE § 9-736(b)(3). Consequently, we hold that Rios complied with the filing requirement imposed by LE § 9-736(b)(3) when he "applied for" modification within five years of the last compensation payment as expressly provided in that Section.[3]

Montgomery County makes a separate, but related, argument based on *Buskirk v. C.J. Langenfelder & Son*, 136 Md. App. 261 (2001). In that case, we held that "when a

---

[3] We also reject Montgomery County's reliance on *McLaughlin v. Gill Simpson Elec.*, 206 Md. App. 242 (2012) for the same reason articulated by the *Gang* Court. In *Gang*, the Court of Appeals distinguished *McLaughlin*, stating:

> Relying on *McLaughlin*, the County argues that the Commission is given wide discretion in promulgating regulations "to govern the procedures of the Commission" and to "determine the nature and the form of an application for benefits or compensation," Section 9-701 of the Labor and Employment Article, so that a claimant's failure to strictly adhere to the Commission's procedures must result in a denial of the relief sought. In *McLaughlin*, however, the claimant's "Petition to Reopen for Worsening of Condition" was barred by the statute of limitations in Section 9-736(b), because more than five years had transpired between the last payment of compensation and the application for modification.

464 Md. 270 at 292-93 (internal citation removed). *Gang's* interpretation of *McLaughlin* vitiates the County's argument that the regulations create binding requirements in addition to the express provisions of LE § 9-736(b)(3).

petition to reopen to modify [a workers' compensation] award is based on a change in disability status, the petition must be filed within the five-year period and allege a change in disability status, *with a basis in fact*, as opposed to merely alleging continuing medical treatment." *Id.* at 263–64 (emphasis added). In the County's view, because COMAR 14.09.09.02B requires the claimant to obtain a written evaluation of permanent impairment prior to filing for permanent disability, a claimant, as a matter of law, cannot have a "basis in fact" for his or her claim absent the written evaluation.

We again reject the County's argument. In *Dove*, the issue was whether the claimant had complied with the five-year statute of limitations. 178 Md. App. at 706. For the purposes of calculating limitations, Ms. Dove received her last payment from a permanent partial disability award on June 10, 2000. *Id.* at 709. On June 3, 2005, Ms. Dove filed a Request for Reconsideration/Modification of the 2000 award. *Id.* With her Request, Ms. Dove filed Issues, in which she requested temporary total disability benefits. *Id.* She also attached a medical report dated November 29, 2001, to substantiate her request for benefits. *Id.* At the hearing before the Commission, Ms. Dove reduced her claim for benefits to "only two days—August 29, 2002, and September 17, 2002." *Id.* On both of those days, Ms. Dove had received epidural injections. *Id.* Relying on *Buskirk*, the Board raised the defense of limitations, arguing that Ms. Dove did not have a "basis in fact" when she filed her Issues on June 3, 2005, because she did not have medical documentation on the filing date to support her claim for the two days of benefits related to the 2002 epidural injections. *Id.* Specifically, the Board argued that, "while Dove introduced two medical reports of her epidural steroid injections at the Commission hearing, Dove did not have these reports on

June 3, 2005, when she filed her issues with the Commission." *Id.* at 713. According to

the Board, the absence of supporting documentation on June 3, 2005—the date Ms. Dove

filed her request for modification—meant that she had no "basis in fact" for her claim under

*Buskirk*. *Id.*

The *Dove* Court concisely framed the question for appellate review: "The question

presented by the instant appeal requires us to determine whether Section 9-736(b) includes

a requirement that a request for modification of an existing award must be accompanied,

at the time of filing, by all necessary medical documentation supporting the claim." *Id.* at

714. The Court initially noted that the plain language of LE § 9-736(b) "does not specify

any requirement of filing supporting documentation with a request for the modification of

an award of compensation." *Id.* at 715. The Court then examined the relevant COMAR

regulations. The Court noted that COMAR 14.09.01.16,[4] titled "Motions for Modifications

or Changes," provided:

> A. A party seeking modification by the Commission of a prior finding or order shall file with the Commission a motion for reconsideration.
>
> B. The motion shall state specifically the finding or order that the party wishes modified and the facts and law upon which the party is relying as grounds for the modification.

*Id.* at 716. The Court concluded that the regulation did not require Ms. Dove to file all

medical documentation at the time she filed her request for modification. *Id.* The Court

likewise concluded that the pertinent Commission forms did not "expressly or impliedly"

---

[4] 14.09.01.16 has since been amended and recodified as 14.09.03.13.

11

require the filing of all supporting medical documentation. *Id.* at 717. Finally, in response to the Board's contention "that the phrase 'basis in fact' means that a claimant must obtain and file all necessary medical documents supporting the claim before the expiration of the limitations period and cannot supplement such documentation after that time," the Court stated:

> We cannot find the requirement advocated by the Board in the three words utilized in *Buskirk*. Instead, we read this Court's use of the phrase "basis in fact" to mean that the claimant must have a reasonable basis for the claim at the time of filing. *The phrase does not mean that a claimant must file, with a request to modify an award, all necessary medical documentation supporting such request, or even sufficient medical documentation to establish a prima facie case for a change in the claimant's disability status.* Of course, the medical proof ultimately adduced at a hearing on the request to modify must be sufficient to establish that the change in the claimant's disability status occurred prior to the expiration of the statute of limitations. When the claimant obtains such medical proof is, in our view, irrelevant, except in so far as any right of the employer/insurer to be provided with the claimant's medical documentation prior to the hearing before the Commission.

*Id.* at 719–20 (emphasis added) (footnote omitted).

We likewise reject the County's argument in this case that, in order to satisfy the "basis in fact" requirement enunciated in *Buskirk*, a claimant must have a written evaluation of permanent impairment at the time the claimant files for modification of the award. Consistent with *Dove*, we note that the plain language of LE § 9-736(b) does not specify that a claimant must have a written evaluation of permanent impairment prior to filing his or her request for modification. Moreover, the Commission's two-page "Request for Modification" form, as relevant here, simply requires the claimant to identify the "[n]ature and extent of permanent disability to the [specified] part or parts of the body[.]"

12

We particularly note the absence in the Commission's form of any requirement that the claimant verify that he or she has obtained a written evaluation of permanent impairment. This absence is significant in light of the *Dove* Court's similar observation that the Commission forms there did not expressly or impliedly require the claimant to file all supporting medical documentation. 178 Md. App. at 717. That 14.09.09.02B was promulgated in 2014, long after publication of *Dove*, does not alter our decision. Nothing in 14.09.09.02B suggests that the Commission intended to equate a written evaluation of permanent injury with the caselaw's definition of "basis in fact." We therefore reject the County's contention that a claimant seeking modification of a permanent disability compensation award must have a written evaluation of permanent injury prior to filing his or her request for modification.[5]

## II. Montgomery County's Contention That Rios Effectively Withdrew His Disability Claim Because He Had Not Obtained An Evaluation Before The Original Hearing Date Is Not Preserved

Finally, Montgomery County argues that Rios's Issues were withdrawn on November 27, 2017, the date originally set by the Commission for a hearing, because Rios had not obtained a written evaluation of permanent disability prior to that original hearing date. The basis for Montgomery County's argument is COMAR 14.09.03.02F: "A party that has filed issues and is not ready to proceed at the hearing shall withdraw the issues."

---

[5] Although we have rejected Montgomery County's contention that a claimant seeking permanent disability must have a *written* medical evaluation at the time of filing, we adhere to *Buskirk's* holding that such a claimant must actually have a basis in fact when the request for modification is filed.

Montgomery County argues that because Rios had not obtained an evaluation of permanent impairment by November 27, 2017, the original hearing date, any issue concerning permanent disability was withdrawn; therefore any further disability claim by Rios was barred because limitations expired on October 8, 2017. Montgomery County cites *Vest*, 329 Md. at 475–76, which held that the Commission may not circumvent the statute of limitations by reserving on an issue to support its argument that the Commission did not have the authority to grant a continuance in order to prevent limitations from running on the withdrawn Issues.

Our review of the Commission's proceedings leads us to conclude that Montgomery County never raised this specific issue before the Commission. Although Montgomery County objected to Rios's request to postpone the November 27, 2017 hearing, it never articulated its appellate argument that COMAR 14.09.03.02F and *Vest* bar Rios's claims. Because our standard of review requires us to "look through the decisions of the circuit courts . . . and evaluate the [Commission's] decision directly," *W.R. Grace & Co.*, 439 Md. at 452–53, Montgomery County's argument on this issue is not preserved for appellate review. Md. Rule 8-131(a); *see also Comptroller v. Jalali*, 235 Md. App. 369, 388–89 (2018).

**JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**