947 A.2d 161

**GIANT FOOD, INC., et al.**

v.

**David EDDY.**

**No. 1066, Sept. Term, 2007.**

Court of Special Appeals of Maryland.

May 5, 2008.

Ju Y. Oh (Humphreys, McLaughlin & McAleer, LLC on the brief), Baltimore, for Appellant.

Christopher L. Beard, Annapolis, for Appellee.

Panel: JAMES R. EYLER, SHARER, JAMES A. KENNEY, III (Ret., specially assigned), JJ.

JAMES R. EYLER, Judge.

Appellants, Giant Food, LLC, employer, and Lumberman's Mutual Casualty Company, insurer, appeal from an order, and the subsequent denial of their motion to alter or amend, of the Circuit Court for Anne Arundel County, finding that appellee, David Eddy's, request for modification of his workers' compensation award was timely, and remanding the case to the Workers' Compensation Commission ("Commission"). On appeal, appellants contend that the circuit court erred in finding that appellee's request for additional compensation was not barred by Maryland Code (1999 Repl.Vol., 2007 Supp.), § 9–736 of the Labor and Employment Article ("L.E."), which provides that a request to modify an award must be filed

within five years after the last compensation payment. We agree, and reverse.

## Factual Background

The background of this case is undisputed; thus, we shall quote from appellants' brief, omitting citations to the record, and supplementing where necessary.[1]

On January 30, 1991, the [appellee] filed a claim for compensation alleging an accidental injury involving the right leg/knee suffered on June 25, 1990.[2] The [appellants] acceded to the claim and paid compensation benefits for temporary total disability for various periods from June 26, 1990 through January 14, 1992.

On or about March 9, 1992, the parties ... reached an agreement regarding the [appellee's] permanent partial disability and filed a Stipulation with the Commission. The Stipulation noted that the [appellee] had a permanent partial disability of 32.5% to the left leg/knee, which compensation was payable at the rate of $144.00, beginning January 25, 1992, for 97.5 weeks. On March 12, 1992, [the Commission] approved the Stipulation. Pursuant to the approval, the [appellants] commenced payment of permanent partial disability benefits. The date of the last compensation payment pursuant to the Stipulation [was] February 2, 1993.

On January 9, 1998, the [appellee] ... filed a Request for Reopening due to a worsening of condition.[3] The Request for Reopening referred to "attached Medical Records".... A hearing was scheduled for February 17, 1999. However, on February 16, 1999, [appellee's] then counsel filed a letter with the Commission withdrawing the issue(s) previously

---

1. We note that, aside from the exhibits introduced in circuit court, the record transmitted to this Court does not contain the Commission record.

2. Appellee suffered a torn meniscus and torn ACL, requiring surgery. His first surgery was performed on January 2, 1991.

3. Apparently, appellee required additional surgery on his knee, which he underwent on March 13, 1998.

filed and stating that the issue(s) has/have been resolved prior to the hearing.[4] The letter also requested that the hearing be canceled by request of the [appellee].

The Commission noted "CROR" [ ][5] on the February 16, 1999 letter even though the [appellee] was withdrawing his issue(s) because it (they) had been resolved. The resolution of those issues resulted in additional medical treatment as well as an additional period of temporary total disability benefits.[6] Temporary total disability benefits were paid for the period of December 2, 1997 through September 13, 1998. The undisputed date of the last payment of compensation [was] September 13, 1998.

This claim lay dormant until on or about July 14, 2006, when the [appellee] ... filed a Request for Emergency Hearing and raised issues, specifically, authorization for medical treatment and temporary total disability benefits from June 3, 2006 to present and continuing.[7] On July 17, 2006, [the Commission] disapproved the [appellee's] request and noted that the case would be set in the normal course.

On August 1, 2006, the [appellee] again filed a Request for Emergency Hearing but this request only noted the [appellee's] desire to have the additional surgery on his left knee. This filing did not re-request the additional period of temporary total disability benefits. On August 2, 2006, [the

---

**4.** The record indicates that initially, appellant/insurer, denied payment for appellee's additional surgery. Apparently, prior to the February 17 hearing, however, insurer agreed to pay for the surgery and to pay temporary total disability benefits from December 2, 1997, through September 13, 1998.

**5.** Appellants' Exhibit # 4, appended to their memorandum of law in support of their motion for summary judgment in the circuit court, indicates that, pursuant to the Workers' Compensation Commission's "Hearing Decision Codes," CROR is an acronym for continued reset on request.

**6.** *See* n. 3, *supra.*

**7.** Evidently, appellee required a third knee surgery.

Commission] approved the request and noted that a hearing would be scheduled on an accelerated basis.

A hearing was scheduled for August 25, 2006. However, prior to the scheduled hearing, the [appellants] authorized the additional surgery to the [appellee's] left knee while denying the request for additional temporary total disability benefits based on section 9–736. The [appellee] underwent the additional surgery on August 23, 2006.

On August 25, 2006, a hearing was held before [the Commission]. The only issue before the Commission was [appellee's] request for additional temporary total disability benefits. The [appellants] relied on section 9–736 as a bar to further temporary total disability benefits. [The Commission], by Order dated September 19, 2006, denied the [appellee's] request for temporary total disability benefits based on section 9–736.

On September 27, 2006, the [appellee] filed a Petition for Judicial Review with the [circuit court]. . . . The only issue on appeal was whether the [appellee's] request for additional temporary total disability benefits was barred by section 9–736. Motions for Summary Judgment were filed by both parties. A motions hearing was held . . . on April 20, 2007, and on May 18, 2007 . . . [the court issued its ruling]. * * *

On May 18, 2007, the court entered a memorandum opinion and order, remanding the case to the Commission for further proceedings. The court's opinion provided as follows, in relevant part.

The question in this case is whether the Commission properly applied § 9–736(b)(3)(iii), which states that an award may not be modified if the modification is not applied for within five years of the last compensation payment. In this case, the last compensation payment was made on September 13, 1998. The Commission designated the case as CROR on February 17, 1999. The [appellee] requested a hearing on the issue of disability benefits on July 14, 2006. Thus, while the [appellee's] most recent petition was not

filed within five years of the final compensation payment, the case was pending as CROR at the time the [appellee] requested the case be reset.

As this case was pending CROR, § 9–736(b)(3)(iii) does not render the [appellee's] request untimely. The statute requires a modification be "applied" for by a certain date. The [appellee's] 1998 petition for a modification was filed within 5 years of the final compensation payment, satisfying the statute of limitations. The hearing on that petition was postponed, which tolled the statute of limitations until the petition was either heard or withdrawn.

In its memorandum, the [appellants] argue the Commission cannot maintain continuing jurisdiction by way of an award, and cites case law on that point. However, in this case the Commission maintained jurisdiction by designating the case CROR, and not by a way of a Workers' Compensation award. Therefore, the [appellants'] cited case law is distinguishable from the facts of this case. As the [appellee's] case was pending CROR, the Commission had jurisdiction to hear the [appellee's] most recent request for disability benefits.

\* \* \*

The provisions of § 9–736(b)(3)(iii) were satisfied and the [appellee's] request for modification is timely. Thus, the Commission erred as a matter of law in refusing to consider [appellee's] most recent request for disability benefits. As there are not any disputes as to material facts, and that the Commission erred as a matter of law, the [c]ourt thereby orders this case be remanded to the Workers' Compensation Commission for further proceedings consistent with this opinion.

Subsequently, appellants filed a motion to alter or amend judgment pursuant to Maryland Rule 2–534, which was denied on June 19, 2007.

## DISCUSSION

Before turning to the merits, we shall briefly reiterate the facts that are pertinent for purposes of our analysis.

The undisputed last compensation payment, pursuant to the stipulation approved by the Commission on March 12, 1992, was on February 2, 1993. Within five years of that date, on January 9, 1998, appellee filed the request to reopen due to a worsening of condition. Pursuant to that request, a hearing was scheduled before the Commission on February 17, 1999. The day prior to the hearing, however, appellee transmitted a letter to the Commission withdrawing the "issue(s) previously filed," noting that the "issue(s) has/have been resolved," and requesting that the hearing be canceled. Appellants agree that "[t]he resolution of those issues resulted in additional medical treatment as well as an additional period of temporary total disability benefits," from December 2, 1997 through September 13, 1998. The Commission noted "CROR" on appellee's letter withdrawing the issues.

On July 14, 2006, approximately 7 years and 10 months after the "last compensation payment," i.e., the payment on September 13, 1998, appellee requested additional surgery as well as temporary total compensation for the period of "June 3 [, 2006] to present and continuing." Subsequently, prior to the August 25, 2006 hearing scheduled before the Commission, appellant/insurer authorized payment for the surgery, but denied temporary total compensation. Thus, at the hearing, the only issue before the Commission was appellee's request for additional temporary total disability benefits, which the Commission "denied due to LE9–736."

### Contentions

Appellants contend that "[t]he undisputed date of the last compensation payment (in the form of temporary total disability benefits) [was] September 13, 1998, and the date of the [appellee's] first Request for Emergency Hearing [was] July 14, 2006"; thus, appellee's "application for modification" was not timely filed within the 5-year limitation period provided

for in L.E. § 9–736(b)(3)(iii). Further, appellants argue that the Commission's "CROR" notation was "not an operative order granting or denying some benefit," because after appellee "withdrew his issues filed on January 9, 1998 because they had been resolved," there was "nothing for the Commission to determine...." Moreover, appellants, citing *Vest v. Giant Food Stores, Inc.*, 329 Md. 461, 620 A.2d 340 (1993), refute appellee's argument that the Commission's "CROR" notation was in effect a denial of appellee's request to withdraw the issues, and thus was a proper exercise of the Commission's function to continue the hearing.

■ Appellee argues that the Commission's "CROR" notation, "in response to [appellee's February 16, 1999] request to cancel the proceedings," indicated that the "Commission did not approve [the] request for the withdrawal of issues and decided to continue the hearing on the matter." Appellee continues, stating that the Commission "properly exercised its functions," as it has the power to "continue a matter *on its own* in order to protect a claimant...." [8] (Emphasis in original). Appellee avers that unlike in *Vest*, "[i]n our case, a petition for re-opening was filed in a timely manner, however, no award was passed, and the hearing on the petition was continued or postponed." Essentially, appellee argues that the 1999 "CROR" notation effectively tolled the 5–year statute of limitations because that notation was an act of the Commission entitling it to retain jurisdiction. We disagree.

### Continuing Jurisdiction

■ L.E. § 9–736 provides, in relevant part:

(b) *Continuing powers and jurisdiction; modification*—(1) The Commission has continuing powers and jurisdiction over each claim under this title.

---

8. Appellee, relying on *Dyson v. Pen Mar Co., Inc.*, 195 Md. 107, 73 A.2d 4 (1950), argues that the Commission has continuing jurisdiction to revise its decisions. That proposition is correct, but that power is subject to the 5–year statute of limitations. *See* L.E. § 9–736, *infra*. The application of that 5–year period is what is at issue in the case before us.

(2) Subject to paragraph (3) of this subsection, the Commission may modify any finding or order as the Commission considers justified.

(3) ... the Commission may not modify an award unless the modification is applied for within 5 years after the latter of:

    (i) the date of the accident;

    (ii) the date of disablement; or

    (iii) the last compensation payment.

At the outset, we note briefly that *Buskirk v. C.J. Langenfelder & Son, Inc., et al.,* 136 Md.App. 261, 764 A.2d 857 (2001),[9] cited by appellants, which held that "when a petition to reopen to modify an award is based on a change in disability status, the petition must be filed within the five year period and allege a change in disability status, with a basis in fact, as opposed to merely alleging continuing medical treatment," *id.* at 263–64, 764 A.2d 857, is not dispositive here. In this case, although we can find little evidence in the record [10] indicating that appellee alleged a change in disability status with a basis in fact, we can not conclude that the petition to reopen did not comply with *Buskirk,* because compensation was in fact paid through September 13, 1998, as a result of the petition and whatever issues were filed. Furthermore, "Exhibit C," attached to appellee's opposition to motion to alter or amend judgment, indicates that the issue in 1998 was the nature and extent of permanent disability, and both appellants and appellee agree that temporary total disability compensation was paid through September 13, 1998. Thus, the petition to reopen must have been based on a change in disability status with a factual basis. Nevertheless, those issues were resolved when appellee, by his February 16, 1999 letter, withdrew the issues that had been raised pursuant to the request for reopening, rendering the issues moot, regardless

---

**9.** The holding in *Buskirk* was further explained in *Dove v. Montgomery County Bd. of Educ.,* 178 Md.App. 702, 943 A.2d 662 (2008).

**10.** *See* n. 1., *supra.*

of the Commission's "CROR" notation ostensibly continuing the matter, which, as we shall explain, was ineffective.

In *Vest*, in 1981, the Commission issued an "Award of Compensation" to the claimant, requiring the employer to pay temporary total disability, and providing that "it was 'subject to further determination by the Commission as to whether the claimant has sustained any permanent disability.'" *Id.* at 464, 620 A.2d 340. The claimant's last compensation payment occurred on April 5, 1982. *Id.* at 465, 620 A.2d 340. In 1988, the claimant presented a claim to the employer's insurance carrier seeking further compensation for permanent partial disability. *Id.* The insurer denied the claim on the basis that the 5–year limitations period had expired, and the claimant subsequently petitioned the Commission, in 1989, to reopen his claim to redetermine the nature and extent of his disability. *Id.* The Commission conducted a hearing and denied the claimant's request on the grounds that the limitations period had expired, and the circuit court agreed. *Id.* After this Court affirmed, 91 Md.App. 570, 605 A.2d 627 (1992), the Court of Appeals granted certiorari to determine when the limitation period commenced. *Id.*

On appeal, the claimant suggested that the Commission reserved continuing jurisdiction, by way of its inclusion in the "Award of Compensation" the statement that the award was subject to further determination, effectively tolling the statute of limitations. The Court of Appeals disagreed, explaining that although Maryland has one of the broadest reopening provisions, the Commission's continuing jurisdiction enabling it to reopen prior awards is expressly limited to a to a 5–year period, and that after 5 years from the last payment of compensation, L.E. § 9–736 [11] divests the Commission of any authority to exercise its otherwise broad reopening powers. *Id.* at 475, 620 A.2d 340.

---

11. Formerly codified at Maryland Code (1957, 1985 Repl.Vol.), Article 101, § 40(c). In 1991, as part of the adoption of the Labor & Employment Article, Article 101, § 40 became L.E. § 9–736, without substantive change.

With regard to the claimant's contention that the Commission had the ability to toll the operation of the limitations period by including a written reservation of jurisdiction in its award, and that it did so in the claimant's case, the Court noted that "it is evident that the Commission did not construe its 1981 Award as reserving continuing jurisdiction," *id.*, evidenced by the fact that the appeal was brought because the "Commission itself found that the limitations period barred reopening of [the appellant's] Award." *Id.* Moreover, after noting that a court's goal in interpreting a statute is to ascertain and effectuate the intention of the legislature, looking to the plain language of the statute itself for guidance, *id.* at 466, 620 A.2d 340; *see also Seal v. Giant Food, Inc.*, 116 Md.App. 87, 695 A.2d 597 (1997) (other citations omitted) (providing that statutes of limitations must be construed without resort to strained construction that belie the statute's plain meaning), the Court concluded that even if the Commission had intended to reserve jurisdiction, such a reservation "is wholly inconsistent," *id.*, with L.E. § 9–736, and the Commission "cannot bypass the statutory restriction on its authority," *id.* at 475–76, 695 A.2d 597, because an agency " 'cannot override the plain meaning of the statute or extend its provisions beyond the clear import of the language employed.' " *Id.* at 476, 695 A.2d 597 (quoting *Dep't. of A. & T. v. Greyhound Computer Co.*, 271 Md. 575, 589, 320 A.2d 40 (1974) (other citations omitted)). The Court concluded that "[i]t is clear from the history of [L.E. § 9–736] that, by enacting a limitations provision, the General Assembly restricted the Commission's ability to exercise its authority to reopen prior awards." *Id.; see also Buskirk*, 136 Md.App. at 270, 764 A.2d 857 ("The language and history of section 9–736 reveals the General Assembly's intent to restrict the Commission's authority to reopen prior awards."). "The Commission cannot bypass this restriction merely by *sua sponte* inserting a clause in an award of compensation." *Id.*

Thus, pursuant to *Vest*, the Commission can not reserve continuing jurisdiction when making an award resolving the issues. In this case, the Commission's "CROR" notation

continuing the hearing was tantamount to reserving jurisdiction after the issues had been resolved pursuant to appellee's letter withdrawing the issues and appellants' subsequent payment of benefits. Furthermore, in this case, as in Vest, the Commission, at the August 25, 2006 hearing, denied payment of additional benefits, expressly basing its decision on L.E. § 9–736. Thus, as in Vest, it is evident that the Commission, in this case, did not construe the continuance, by way of the "CROR" notation, as providing it with continuing jurisdiction.

**JUDGMENT REVERSED AND CASE REMANDED TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE.**