47 A.3d 1074

**Martin McLAUGHLIN**

v.

**GILL SIMPSON ELECTRIC, et al.**

**No. 376, Sept. Term, 2011.**

Court of Special Appeals of Maryland.

June 29, 2012.

246

Franklin J. Muher (Glusing & Muher, LLC, on the brief) Baltimore, MD, for appellant.

Antonio Lopez (Fiore, Krause, Fizer, Crogan & Lopez, on the brief) Owings Mills, MD, for appellee.

Panel: KRAUSER, C.J. GRAEFF and WATTS, JJ.

WATTS, J.

This appeal stems from an order of the Circuit Court for Baltimore County affirming the Workers' Compensation Commission's (the "Commission") denial of a Petition to Reopen [1] appellant Martin McLaughlin's workers' compensation claim. Appellant noted an appeal raising one issue, which we rephrase: [2]

---

1. In his brief, appellant refers to a Request for Reconsideration/Modification, which is the title of the form that was provided by the Commission. In case law, the terms "Petition to Reopen" and "Request for Reconsideration/Modification" are used interchangeably. *See Giant Food, Inc. v. Eddy,* 179 Md.App. 633, 634, 640, 947 A.2d 161, *cert. denied,* 405 Md. 506, 954 A.2d 468 (2008). For consistency with the Agreed Statement of Facts and the orders of the Commission and circuit court, we use the term "Petition to Reopen."

2. Appellant phrased the issue as follows:

Whether the Workers' Compensation Commission erred in ruling that appellant's withdrawal of the Issues filed in conjunction with the Petition to Reopen constituted a withdrawal of the petition?

We answer this question in the negative, and, therefore, shall affirm the judgment of the circuit court.

## FACTUAL AND PROCEDURAL BACKGROUND

Before this Court, appellees, Gill Simpson Electric and Zurich American Insurance Company, and appellant presented an agreed statement of facts, which we quote:

On November 9, 2002, [a]ppellant [ ] sustained a compensable work related injury to his back. Following a course of treatment, a hearing was held on the nature and extent of any permanent disability that [appellant] suffered as a result of the injury.

On February 26, 2004, the Workers' Compensation Commission found [a]ppellant sustained a 25% disability under "other causes" for injuries related to his back, with 20% related to the accident and 5% related to pre-existing conditions. The award entitled [a]ppellant to 100 weeks of payments (less attorney's fees and expenses) and was properly paid by [a]ppellees. It is agreed that the last payment of compensation to [a]ppellant was July 27, 2004.

On February 15, 2005, [a]ppellant properly filed a Petition to Reopen under Section 9–736 of the Labor & Employment Article.[3] In addition, [a]ppellant filed an Issue Sheet asking for Authorization for Medical Treatment. At that time, [a]ppellees agreed that the medical treatment was causally

---

There is no legal basis that supports a finding that the withdrawal of an "Issue", filed under COMAR, amounts to the withdrawal of a Request for Reconsideration/Modification, filed pursuant to § 9–736 Labor & Employment Article.

3. The record reflects that on the Petition to Reopen, appellant checked two boxes on a pre-printed form—one box labeled "[t]he claimant's permanent disability has increased" and another box labeled "Other." In the box labeled "Other," appellant included the following additional information: "The Claimant requires additional medical treatment."

related, reasonable and necessary. **At that point, with no hearing necessary, [a]ppellant filed a withdrawal of the Issues at the Commission and no hearing was held.** During the next few years, various [I]ssues arose between the parties regarding the payment and provision of medical treatment. The parties were able to resolve these [I]ssues without a hearing and, each time, the [I]ssues were withdrawn by [a]ppellant and no hearing was held.

On September 22, 2009, [a]ppellant obtained a permanency evaluation from the same physician who rated him for the prior permanency hearing in 2004. On October 22, 2009, [a]ppellant filed Issues with the Commission requesting a hearing on the issue of "Worsening–Back". Appellees filed an Issue sheet with the Commission on the issue of "Is this claim barred by 9–736, since the last payment of compensation took place o[n] 7/24/04?"

After a hearing, on January 14[ ], 2010, the Commission found, inter alia:

[T]hat the Petition to Reopen for Worsening of Condition is barred by Limitations:

The Order of permanent partial disability is dated 2/26/04 and the final payment of that Award was 7/27/04. The claimant filed a Petition to Reopen for Worsening of Condition on 2/15/05, **but those [I]ssues were withdrawn on 3/30/05.** No new [I]ssues for worsening of condition were filed until 10/22/09, more than five years after the last indemnity payment.

(Emphasis added).

On February 4, 2010, appellant timely filed a Petition for Judicial Review. On September 24, 2010, appellant filed a motion for summary judgment. On November 1, 2010, appellees filed "Employer and Insurer's Re[ ]sponse to Claimant's M[ ]otion for Summary Judgment and Cross–Motion for Summary Judgment by the Employer and Insurer." In a memorandum in support of the cross-motion for summary judgment, appellees argued that appellant's "[w]ithdrawal of Issues [wa]s [t]antamount to a [w]ithdrawal of the Petition to Reopen." On

February 8, 2011, the circuit court held a hearing on the motions. On April 25, 2011, the circuit court issued an Opinion and Ruling, granting appellee's cross-motion for summary judgment and affirming the Commission's January 14, 2010 order. The circuit court found that appellant's withdrawal of the Issues constituted a withdrawal of the Petition to Reopen.

### DISCUSSION

Appellant contends that the circuit court erred in granting the cross-motion for summary judgment and in finding that withdrawal of the Issues filed with the Commission constituted a withdrawal of the Petition to Reopen. Appellant argues that, because the filing of Issues is governed by the Code of Maryland Regulations (COMAR) and a Petition to Reopen is filed pursuant to the Maryland Annotated Code, the withdrawal of the Issues is not a withdrawal of the petition. Appellant asserts that the "doctrine of liberal construction" applies in this case, requiring that all provisions in the Workers' Compensation Act be construed liberally in his favor. Relying on *Dove v. Montgomery Cnty. Bd. of Educ.*, 178 Md.App. 702, 716–17, 943 A.2d 662 (2008), appellant maintains that it was not necessary for the Issues to be filed simultaneously with the petition, as claimants are not required to provide specific information in support of a Petition to Reopen. Appellant argues that, pursuant to *Buskirk v. C.J. Langenfelder & Son, Inc.*, 136 Md.App. 261, 271, 764 A.2d 857 (2001), the Petition to Reopen tolled the statute of limitations because the petition alleged a change in his disability status.

Appellees respond that the withdrawal of the Issues constituted a withdrawal of the Petition to Reopen. Appellees contend that the allegation of a change in disability status in a Petition to Reopen must be accompanied by the submission of Issues at the time of filing. Relying on *Dove*, 178 Md.App. at 719, 943 A.2d 662, appellees argue that the Issues constituted the "basis in fact" necessary to support the Petition to Reopen. Appellees assert that, even if the withdrawal of the Issues was not the equivalent of a withdrawal of the Petition

to Reopen, appellant failed to timely file facts in support of the petition, as the most recent Issues were not filed until after the expiration of the statute of limitations. Appellees maintain that the doctrine of liberal construction does not apply to the statute of limitations provision of the Workers' Compensation Act, as codified in the Labor and Employment Article of the Maryland Annotated Code.

Appellant replies that the holding in *Buskirk*, 136 Md.App. at 263–64, 764 A.2d 857, regarding a "basis in fact," requires only that the claimant have a factual basis for the claim, not that the factual basis be specifically set forth at the time of filing the Petition to Reopen.

### Standard of Review

Generally, in an appeal from judicial review of an agency action, we review the agency action directly, not the decision of the trial court. *Anderson v. Gen. Cas. Ins. Co.*, 402 Md. 236, 244, 935 A.2d 746 (2007) (citing *Watkins v. Sec'y, Dep't of Pub. Safety & Corr. Servs.*, 377 Md. 34, 45–46, 831 A.2d 1079 (2003)); *Dep't of Labor, Licensing & Regulation v. Muddiman*, 120 Md.App. 725, 733, 708 A.2d 47 (1998). "We must respect the expertise of the agency and accord deference to its interpretation of a statute that it administers . . .; however, we 'may always determine whether the administrative agency made an error of law.'" *Watkins*, 377 Md. at 46, 831 A.2d 1079 (citation omitted). "[W]e must determine whether the agency's decision is in accordance with the law or whether it is arbitrary, illegal, and capricious." *Uninsured Employers' Fund v. Pennel*, 133 Md.App. 279, 288, 754 A.2d 1120 (2000) (citations and internal quotation marks omitted). If an agency's decision is predicated solely on an error of law, including errors in statutory interpretation, we may substitute our judgment for that of the administrative agency. *Charles Cnty. Dept. of Soc. Servs. v. Vann*, 382 Md. 286, 295, 855 A.2d 313 (2004); *Kelly v. Consol. Delivery Co.*, 166 Md.App. 178, 185, 887 A.2d 682 (2005), *cert. denied*, 393 Md. 161, 900 A.2d 206 (2006). The substituted judgment standard is equally

applicable to the regulations of an agency. *Pennel,* 133 Md. App. at 288, 754 A.2d 1120.

Judicial review of the Commission's decisions is governed by Md.Code Ann., Labor and Employment Art. ("L.E.") § 9–745, which provides, in pertinent part:

(c) Determination by court.—The court shall determine whether the Commission:

(1) justly considered all of the facts about the accidental personal injury, occupational disease, or compensable hernia;

(2) exceeded the powers granted to it under this title; or

(3) misconstrued the law and facts applicable in the case decided.

(d) Request for jury trial.—On a motion of any party filed with the clerk of the court in accordance with the practice in civil cases, the court shall submit to a jury any question of fact involved in the case.

(e) Disposition.—

(1) If the court determines that the Commission acted within its powers and correctly construed the law and facts, the court shall confirm the decision of the Commission.

(2) If the court determines that the Commission did not act within its powers or did not correctly construe the law and facts, the court shall reverse or modify the decision or remand the case to the Commission for further proceedings.

 Under the statutory scheme, "an appeal from the Workers' Compensation Commission may follow two alternative modalities" in the trial court. *Simmons v. Comfort Suites Hotel,* 185 Md.App. 203, 224, 968 A.2d 1123 (2009) (citation and internal quotation marks omitted). The modality outlined in L.E. § 9–745(d) provides for an " 'essential trial *de novo* [.]' " *Id.* at 225, 968 A.2d 1123 (citation omitted). Trial courts employ the trial *de novo* where the question on review is "concerned only with findings of fact." *Bd. of Educ. v.*

*Spradlin,* 161 Md.App. 155, 173, 867 A.2d 370 (2005). When the trial court holds an essential trial *de novo* under L.E. § 9–745(d) to resolve a question of fact, the trial court has acted as a trier of fact, and, as a result, we review the decision of the trial court as we would in any other bench trial. *See Turner v. State, Office of Public Defender,* 61 Md.App. 393, 405, 486 A.2d 804 (1985). The other modality is employed where an appellate court reviews questions of legal error. *Spradlin,* 161 Md.App. at 173, 867 A.2d 370. In such cases, judicial review is controlled by L.E. § 9–745(c) and (e),[4] "replicat[ing] the routine appeal process from administrative agency decisions generally."

### Applicable Law

■■■■ The Maryland Workers' Compensation Act is remedial and, as a result, is generally interpreted liberally in favor of the claimant. *Harris v. Bd. of Educ.,* 375 Md. 21, 37–38, 825 A.2d 365 (2003) (quoting *Victory Sparkler & Specialty Co. v. Francks,* 147 Md. 368, 382, 128 A. 635 (1925)). The Court of Appeals has noted that "[a]lthough remedial statutes are[ ] to be given a liberal construction, the predominant goal of the Court is to ascertain and implement the legislative intent[.]" *Arundel Corp. v. Marie,* 383 Md. 489, 502, 860 A.2d 886 (2004).

Where the statutory language is plain and free from ambiguity, and expresses a definite and simple meaning, courts do not normally look beyond the words of the statute itself to determine legislative intent. If the words of the statute are susceptible to more than one meaning, it is necessary to consider their meaning and effect in light of the setting, the objectives and [the] purpose of the enactment. Therefore,

---

4. This Court noted in *Spradlin* that the references in L.E. § 9–745(c) and (e) to "facts" apply "only to the issue of whether the Commission's fact-finding was, as a matter of law, clearly erroneous because not supported by legally sufficient evidence." 161 Md.App. at 169, 867 A.2d 370. Despite the instruction to review the Commission's findings of fact, therefore, the procedure for judicial review delineated by subsections (c) and (e) applies to review of purely legal questions.

we construe the statute as a whole and interpret each of its provisions in the context of the entire statutory scheme. *Md. Ins. Admin. v. Md. Individual Practice Assn., Inc.,* 129 Md.App. 348, 355, 742 A.2d 22 (1999) (alteration in original) (citations and internal quotation marks omitted). Where the statute in question contains no ambiguity, the intent of the legislature is clear and the doctrine of liberal construction does not apply. *See Arundel Corp.,* 383 Md. at 502, 860 A.2d 886.

 The modification of a disability award by the Commission is governed by L.E. § 9–736, which provides, in pertinent part:

(a) Readjustment of rate of compensation.—If aggravation, diminution, or termination of disability takes place or is discovered after the rate of compensation is set or compensation is terminated, the Commission, on the application of any party in interest or on its own motion, may:

(1) readjust for future application the rate of compensation; or

(2) if appropriate, terminate the payments.

(b) Continuing powers and jurisdiction; modification.—

(1) The Commission has continuing powers and jurisdiction over each claim under this title.

(2) Subject to paragraph (3) of this subsection, the Commission may modify any finding or order as the Commission considers justified.

(3) ... **[T]he Commission may not modify an award unless the modification is applied for within 5 years after the latter of:**

(i) **the date of the accident;**

(ii) **the date of disablement; or**

(iii) **the last compensation payment.**

(Emphasis added). Despite the general tendency toward liberal interpretation of the Workers' Compensation Act, the statute of limitations in L.E. § 9–736(b)(3) is to be strictly construed. *Stevens v. Rite–Aid Corp.,* 340 Md. 555, 568, 667

A.2d 642 (1995) (citing *Montgomery Cnty. v. McDonald,* 317 Md. 466, 472, 564 A.2d 797 (1989)). The statute of limitations, "in one form or another, has been a part of the Workers' Compensation Act since its inception in 1914." *Vest v. Giant Food Stores, Inc.,* 329 Md. 461, 472, 620 A.2d 340 (1993) (citation omitted). "[B]y enacting a limitations provision, the General Assembly restricted the Commission's ability to exercise its authority to reopen prior awards." *Id.* at 476, 620 A.2d 340. Thus, "[a]fter five years from the last payment of compensation, [L.E.] § [9–736(b)(3)] divests the Commission of any authority to exercise its otherwise broad reopening powers."[5] *Id.* at 475, 620 A.2d 340. To toll the five year statute of limitations included in L.E. § 9–736(b)(3), a claimant must file a Petition to Reopen specifically alleging a change in disability, not simply continuing medical treatment. *Buskirk,* 136 Md.App. at 263–64, 764 A.2d 857.

The Commission is granted the power to promulgate regulations pursuant to L.E. §§ 9–309 and 9–701. L.E. § 9–309(a) provides generally that "[t]he Commission may adopt regulations to carry out [ ][T]itle[ 9 of the Maryland Annotated Code.]" L.E. § 9–701 provides, more specifically:

Subject to [ ][T]itle[ 9 of the Maryland Annotated Code], the Commission shall:

(1) adopt reasonable and proper regulations to govern the procedures of the Commission, which shall be as simple and brief as reasonably possible;

(2) determine the nature and the form of an application for benefits or compensation;

---

**5.** *Vest* was decided under Md.Code Ann., Art. 101, § 40(c), the predecessor to L.E. § 9–736. The Court explained that the holding would be applicable to cases concerning L.E. § 9–736, as follows:

[I]n 1991 the General Assembly recodified Article 101, § 40, as [L.E.] § 9–736....

According to the Revisor's Note this provision is "new language derived without substantive change from former Art. 101, § 40(b) through (d)." We apply former § 40 since this case arose prior to the recodification, but note that this decision is applicable to the Act in its present form as well.

*Vest,* 329 Md. at 463 n. 1, 620 A.2d 340.

(3) regulate and provide for the nature and form of notices and for the service of notices;

(4) regulate and provide for the nature and extent of evidence and proof and for the method of taking and providing evidence and proof to establish a right to compensation;

(5) regulate the method of conducting an investigation or physical examination; and

(6) set the time within which an adjudication or award shall be made.

Pursuant to this grant of authority, in order to administer L.E. § 9–736, the Commission has enacted several applicable regulations which are contained in COMAR, Title 14, Section 9. COMAR 14.09.01.16 provides, in pertinent part:

A. A party seeking modification by the Commission of a prior finding or order **shall** file with the Commission a motion for reconsideration.

B. The motion **shall state specifically** the finding or order that the party wishes modified and **the facts and law upon which the party is relying** as grounds for modification.

C. When the movant seeks an increase in a prior award for permanent partial disability, the parties **shall** comply with Regulations .10,[6] .12, and .14A.[7]

(Emphasis added). COMAR 14.09.01.12A, in turn, instructs that "[a] claimant alleging permanent disability **shall file with**

---

6. COMAR 14.09.01.10 concerns the transmission of medical documentation, which is not at issue in this appeal.

7. COMAR 14.09.01.14A provides, in pertinent part:
 (1) A party desiring a hearing shall file a Request for Hearing with the Commission. In the request, the party shall state with clarity and in detail the facts or matters of law to be determined, including but not limited to the following issues:
 (a) The inclusive dates of any temporary total disability;
 (b) Permanent disability, designating each part of the body affected, and any alleged psychiatric disability; and
 (c) Medical expenses, designating each amount and creditor.
 Appellant contends that a Request for Hearing is synonymous with Issues. That Issues may serve a secondary purpose under COMAR 14.09.01.14A does not alter any requirement under COMAR 14.09.01.12 related to the filing of Issues.

the Commission an issue expressly claiming permanent disability." (Emphasis added).

 "[W]ith regard to the validity of a regulation promulgated by an administrative agency, the governing standard is whether the regulation is consistent with the letter and spirit of the law under which the agency acts." *Lussier v. Md. Racing Comm'n,* 343 Md. 681, 687, 684 A.2d 804 (1996) (citations and internal quotation marks omitted). Once that determination is made, "a substantive or legislative rule, pursuant to properly delegated authority, has the force of law, and creates new law or imposes new rights or duties." *Sec'y, Dep't of Pub. Safety & Corr. Servs. v. Demby,* 390 Md. 580, 606, 890 A.2d 310 (2006) (citations omitted).

## Analysis

 In this case, the parties agree that there is no dispute of material facts. The request for judicial review of the Commission's decision involved only whether the withdrawal of the Issues submitted with the Petition to Reopen constituted a withdrawal of the petition itself, and thus whether the October 22, 2009, filing was barred by L.E. § 9–736(b)(3). Because our review concerns a question of law, specifically one of statutory interpretation, we review the Commission's decision *de novo. Kelly,* 166 Md.App. at 185, 887 A.2d 682.

 On July 27, 2004, the last compensation payment was made to appellant. Under the statute of limitations in L.E. § 9–736(b)(3), the Commission was divested of authority to modify the award five years from that date, unless a Petition to Reopen alleging a change in disability was properly filed. *Vest,* 329 Md. at 475, 620 A.2d 340; *Buskirk,* 136 Md.App. at 263–64, 764 A.2d 857. On February 15, 2005, appellant in this case filed a Petition to Reopen, in conjunction with Issues requesting continuing medical treatment.[8] The issues were,

---

8. At oral argument, appellant contended that, in *Eddy,* 179 Md.App. at 633, 947 A.2d 161, this Court stated that the mere filing of a petition to reopen indefinitely tolls the statute of limitations of L.E. § 9–736. We find no support for this contention in *Eddy* or any other Maryland

however, later withdrawn. The question of whether a Petition to Reopen remains effective after the withdrawal of supporting Issues comes to this Court as an issue of first impression.

Having reviewed the matter, we agree with the Commission that withdrawal of the Issues constituted a withdrawal of the Petition to Reopen. Although L.E. § 9–736 allows a party to apply for modification of a previous award, the statute does not specify the procedure to be employed for such an application. Section 9–701 provides that the Commission shall adopt "regulations to govern the procedures of the Commission" and "determine the nature and form of an application for benefits[.]" In accordance with the grant of authority under these sections, the Commission promulgated COMAR 14.09.01.16 and COMAR 14.09.01.12. COMAR 14.09.01.16 states that any request for an increase of an award for permanent partial disability "**shall** comply" with COMAR 14.09.01.12, which provides that Issues "**shall** [be] file[d]" with the Commission. (Emphasis added). The regulations are substantive and in compliance with the requirements of the Workers' Compensation Act and, as a result, have the force of law. *Demby*, 390 Md. at 606, 890 A.2d 310. Accordingly, a request for modification of a previous award by the Commis-

---

appellate case. (This Court's opinion in *Eddy*, 179 Md.App. at 638, 947 A.2d 161, does contain the line: "The [appellee's] 1998 petition for a modification was filed within 5 years of the final compensation payment, satisfying the statute of limitations. The hearing on that petition was postponed, which tolled the statute of limitations until the petition was either heard or withdrawn." (Alteration in original). This statement, however, was part of a quotation from the trial court's opinion included in "Factual Background[.]" The trial court's opinion was overturned on appeal when we concluded that the Commission lacked the ability to extend its authority to reopen a case beyond five years.)

It is clear that, when a Petition to Reopen is filed immediately prior to the expiration of the five year limitation period, the Commission is not barred from promptly hearing the claimant's Issues. *See Dove*, 178 Md.App. at 705, 943 A.2d 662 (The claimant was permitted to litigate her Petition to Reopen, which was filed six days prior to the end of the five year limitation period, after expiration of the five years.) In this case, however, appellant filed his Petition to Reopen four years prior to the end of the limitations period, but made no request to have the petition heard by the Commission.

sion pursuant to Title 9 must comply with COMAR 14.09.01.16 and COMAR 14.09.01.12, and any other applicable regulation.

It is well settled in Maryland that "unless the context indicates otherwise the word 'shall' is presumed to have a mandatory meaning inconsistent with the exercise of discretion." *Carter v. Harris,* 312 Md. 371, 377, 539 A.2d 1127 (1988) (citations omitted). The plain language of COMAR 14.09.01.16 requires that, as part of a request for an increase of a previous award, a claimant shall file Issues with the Commission.[9] As there is no ambiguity in either the applicable section of the Maryland Annotated Code or the Code of Maryland Regulations, there is no issue concerning liberal construction in this case. *See Arundel Corp.,* 383 Md. at 502, 860 A.2d 886 ("If there is no ambiguity in th[e] language[ of the statute], either inherently or by reference to other relevant laws or circumstances, the inquiry as to legislative intent ends; we do not then need to resort to the various, and sometimes inconsistent, external rules of construction[.]"). Given that the plain language of COMAR 14.09.01.16 requires that Issues shall be filed with a request for an increase of an award by the Commission, the Commission did not err in ruling that the withdrawal of the Issues in this case was tantamount to withdrawal of the petition.

Aside from the matter of their withdrawal, the Issues filed by appellant on February 15, 2005, failed to satisfy the requirement of COMAR 14.09.01.12 that Issues "expressly claim[ ] permanent disability." In the Issues, appellant requested only continuing medical treatment, which as appellees agreed, was warranted and causally related to appellant's compensable injury. As this Court made clear in *Buskirk, supra,* continuing medical treatment is different from in-

---

**9.** Although we are not required to give deference to the Commission's interpretation of the regulation, we note that the Commission clearly considers the filing of Issues to be mandatory. At the top of WCC H30R, the form provided by the Commission for a Petition to Reopen, the instructions state: **"This form must be accompanied by Issues (WCC Form H24R)."** *Available at* http://www.wcc.state.md.us/PDF/PDF_Forms/eReqMod.pdf (Emphasis in original).

creased permanent disability. In *Buskirk*, we stated that the: "Reopening of disability is **not** tied to the unlimited obligation for medical benefits[.]" 136 Md.App. at 271, 764 A.2d 857 (quoting *Holy Cross Hosp. v. Nichols*, 290 Md. 149, 163, 428 A.2d 447 (1981)) (emphasis added). In *Nichols*, 290 Md. at 163, 428 A.2d 447, the Court of Appeals discussed the effect of this distinction, stating that: "The 'compensation award' sought to be changed or modified ['for aggravation, diminution, or termination of disability'] under [L.E.] § [9–736] does not embrace a request for medical benefits.... The 'last [ ] compensation[ payment]' in [L.E.] § [9–736] does not place a five year limit on the application for medical benefits[.]" A claimant could require lifelong medical treatment at the adjudged rate of disability subsequent to their initial workers' compensation claim. As a result, a request for continuing medical benefits does not put the Commission or an employer/insurer on notice of an increase in disability.[10] The Issues appellant filed in February 2005, alleging the need for continuing medical treatment, failed to "expressly [claim] permanent disability" as required by COMAR 14.09.01.12A, and were insufficient to support a petition to reopen based on increased disability.

██ Appellant contends that the Petition to Reopen stands on its own as a request for a change in disability status because, "[u]nlike *Buskirk*, the petition in the instant case not only requested medical treatment, but also [ ] allege[d] a change in disability status[,]" thus putting appellee on notice of the request for increased disability. Simply put, we disagree. In the Petition to Reopen filed in February 2005, appellant checked a box indicating an increase in disability. At the same time, in the petition, appellant alleged that he required additional medical treatment. The petition was accompanied by Issues requesting **only** continuing medical

---

**10.** At oral argument, appellant contended that there is no difference between a change in disability status and the need for continuing medical treatment. We find no support for this contention, and note that it directly contradicts Maryland case law.

treatment. The parties came to an agreement regarding the medical treatment, and the Issues were withdrawn. For the next four years, appellant made no reference to any request for an increase in disability before the Commission. Appellant subsequently filed Issues on June 15, 2005, and July 20, 2009, requesting medical treatment and, in both instances, the matter was resolved by the parties.

In *Buskirk,* 136 Md.App. at 270–72, 764 A.2d 857, we discussed the legislative history of L.E. § 9–736 and the effect of the statute of limitations, stating, in pertinent part, as follows:

The language and history of [L.E. §] 9–736 reveals the General Assembly's intent to restrict the Commission's authority to reopen prior awards. *See Waskiewicz v. GMC,* 342 Md. 699, 712, 679 A.2d 1094 (1996), *overruled on other grounds by Mayor of Baltimore v. Schwing,* 351 Md. 178, 180, 717 A.2d 919 (1998); Vest, 329 Md. at 475–76, 620 A.2d 340. . . .

Ordinarily, remedial legislation is "construed liberally in favor of injured employees in order to effectuate the legislation's remedial purpose." *Marsheck v. Board of Trustees of the Fire & Police Employees' Retirement Sys.,* 358 Md. 393, 403, 749 A.2d 774 (2000); *see Martin v. Beverage Capital Corp.,* 353 Md. 388, 400, 726 A.2d 728 (1999); *Montgomery County v. McDonald,* 317 Md. 466, 472, 564 A.2d 797 (1989). This general rule of construction does not apply to limitations provisions, however, including the one in question. *See Stevens v. Rite–Aid Corp.,* 340 Md. 555, 569, 667 A.2d 642 (1995) ("The general rule of liberal construction of the Workers' Compensation Act is not applicable to the limitations provision of [L.E. §] 9–736.").

While the issue before us is one of first impression, prior appellate decisions have strictly applied the five-year bar contained in [L.E. §] 9–736. As previously stated, the Commission may not modify an award unless the modification is applied for within five years after the last compensation payment.

. . .

In the case before us, appellant argues that his petition filed on May 13, 1993, placed the Commission on notice of his worsening condition because, although resolved by the parties, the petition was never withdrawn. We do not agree. Appellant's May 13, 1993, petition was filed to seek medical benefits, which were paid. The petition did not allege or request a change in disability status. Appellant's reasoning is contrary to the General Assembly's intent in enacting [L.E. §] 9–736 and would allow all recipients of workers compensation to file a protective petition for modification and avoid the statute of limitations in the event a change in disability status occurred at a future date. *See McMahan v. Dorchester Fertilizer Co.*, 184 Md. 155, 160, 40 A.2d 313 (1944) ("Accordingly, the Courts should refuse to give statutes of limitations a strained construction to evade their effect.").

As evident, appellant's contention that he may file a protective request for a change in disability status within the five-year time frame, and later supplement the request with Issues, is directly refuted by this Court's observation in *Buskirk*—that such reasoning is contrary to the intent of the General Assembly in enacting L.E. § 9–736 and would allow petitioners to "avoid the statute of limitations in the event a change is disability status occurred at a future date."

Equally as important, although appellant checked the box indicating an increase in disability on the petition that was filed in February 2005, it is evident that he filed the petition to seek medical benefits—which were paid—and not to obtain an increase in disability. This is demonstrated by the withdrawal of the Issues filed in February 2005, and the subsequent filings of Issues in June 2005, and July 2009, for medical benefits, which were resolved by the parties. Although appellant indicated in the February 2005, petition that there was an increase in disability, he did not file an Issue expressly claiming permanent disability, as required by COMAR 14.09.01.12A, until 2009, after the expiration of the five-year statute of limitations. By failing to file an Issue requesting a

change in disability, appellant failed to effectively request an increase in disability under L.E. § 9–736 or place appellees on notice as to his claim for a change in disability. Rather, the Issues placed appellees on notice only as to appellant's claims for continuing medical treatment.

Appellant wrongly relies on *Dove, supra,* for the proposition that Issues need not be filed at the time of filing a petition to reopen. In *Dove,* we held that, pursuant to COMAR 14.09.01.10 and 14.09.01.14, a claimant need not submit complete documentation of disability at the time of filing, as long as there is a basis in fact for the claim and all medical documentation is submitted prior to hearing. 178 Md.App. at 719, 943 A.2d 662. The critical difference between the instant matter and *Dove* is that this case involves the withdrawal of Issues and does not involve a failure to supply medical documentation.[11] The distinction between *Dove* and this case is evident in that, although the claimant in *Dove* did not file complete medical documentation in conjunction with her petition to reopen, she filed Issues requesting "temporary total disability benefits for the time period," along with her Petition to Reopen. *Dove,* 178 Md.App. at 709, 943 A.2d 662. Appellant, in contrast, filed Issues in conjunction with the petition requesting continuing medical treatment, which were later withdrawn. COMAR 14.09.01.12B draws a clear distinction between Issues and medical documentation, stating that medical documentation must be filed "[w]ithin 60 days **after** the [I]ssue of permanent disability is filed." (Emphasis added). The result of applying the holding in *Dove* to this case, as appellant suggests, would be that a claimant would not need to provide **anything**—Issues or medical documentation—in support of a petition to reopen at the time of filing. Such a

---

**11.** Appellees contend that if the Petition to Reopen was not withdrawn by the withdrawal of the Issues, appellant's claim is still barred by the statute of limitations because he did not provide medical documentation in a timely manner and did not have a basis in fact for filing a Petition to Reopen for worsening of condition. Because we conclude that the withdrawal of the Issues in this case constituted a withdrawal of the Petition to Reopen, we need not reach this issue.

determination would be contrary to the requirement of CO-MAR 14.09.01.16B that a claimant specifically state the facts upon which his or her Petition to Reopen is based. For all of the reasons above, the Commission did not err in finding that appellant's October 22, 2009, filing was barred by the statute of limitations under L.E. § 9–736.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTI-MORE COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**