*Justin Greer v. Montgomery County, Maryland.*, No. 3381, Sept. Term 2018. Opinion filed on May 28, 2020, by Berger, J.

WORKERS' COMPENSATION – COMPENSABLE HERNIA – HERNIA AS OCCUPATIONAL DISEASE

The Workers Compensation Act specifically provides for compensation for hernias under specific circumstances in Md. Code (1991, 2016 Repl. Vol.), § 9-504 of the Labor and Employment Article. An "occupational disease" is "a disease contracted by a covered employee: (1) as the result of and in the course of employment; and (2) that causes the covered employee to become temporarily or permanently, partially or totally incapacitated." LE § 9-101(g). Hernias are compensable only pursuant to LE § 9-504 and are not compensable as occupational diseases.

Circuit Court for Montgomery County
Case No. 443477-V

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 3381

September Term, 2018

_____

JUSTIN GREER

v.

MONTGOMERY COUNTY,
MARYLAND

_____

Berger,
Gould,
Sharer, J. Frederick
    (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Berger, J.

_____

Filed:  May 28, 2020

Pursuant to Maryland Uniform Electronic Legal Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document
is authentic.



Suzanne C. Johnson, Clerk

This case arises from a workers' compensation claim filed by Justin Greer, appellant. On December 17, 2018, the Circuit Court for Montgomery County issued an order affirming the order issued by the Workers' Compensation Commission (the "Commission"), which concluded that Mr. Greer's inguinal hernia was not compensable under the Workers' Compensation Act (the "Act"). Mr. Greer appealed from the circuit court's order and presents the following question for this Court's review, which we have rephrased as follows:

> Whether the Commission and the circuit court erred in determining that Mr. Greer's inguinal hernia was not compensable as an occupational disease under the Act.

For the reasons set forth below, we shall affirm the judgment of the circuit court.

## FACTS AND PROCEEDINGS

Mr. Greer filed a claim with the Commission on February 24, 2017 alleging that he had suffered an inguinal hernia caused by repetitive lifting during his ten years of employment as a Montgomery County firefighter. "A hernia occurs when there is a protrusion of tissue through an abnormal opening of the body. Although they most commonly occur in the groin, they may occur in other areas of the body as well." Clifford B. Sobin, 1 *Maryland Workers' Compensation* § 5.3, at 141 (2018) (footnote omitted).[1]

---

[1] "Inguinal hernia" is the medical term for a hernia that occurs in the groin area. Inguinal Hernia, Cleveland Clinic, https://my.clevelandclinc.org/health/diseases/16266-inguinal-hernia (last visited May 25, 2020) ("A hernia is a common condition that occurs when apart of an internal organ or tissue bulges through a muscle. An inguinal hernia occurs when the intestines or fat from the abdomen bulge through the lower abdominal wall into the inguinal, or groin, area.").

Mr. Greer had been diagnosed with a small hernia at a medical examination on July 27, 2015. Mr. Greer had surgery to repair the hernia on December 19, 2016.

The Commission held a hearing on Mr. Greer's claim on January 29, 2018. Mr. Greer argued, through counsel, that his inguinal hernia was a compensable occupational disease. Montgomery County, Mr. Greer's employer, asserted that hernias are not compensable as occupational diseases, and instead, are compensable only pursuant to the portion of the Act specifically addressing hernias set forth in Md. Code (1991, 2016 Repl. Vol.), § 9-504 of the Labor and Employment Article ("LE").

The Commission agreed with Montgomery County and disallowed Mr. Greer's workers' compensation claim. The Commission explained:

> Hearing was held in the above claim at Beltsville, Maryland on January 29, 2018 on the following issue:
>
> Did the employee sustain an occupational disease (hernia) arising out of and in the course of employment?
>
> The Commission finds on the issue presented that the claimant did not sustain an occupational disease (her[ni]a) arising out and in the course of employment as alleged to have occurred on December 19, 2016; pursuant to Maryland Law, a hernia can only be compensable as an accidental injury or strain pursuant to 9-504. Hernia as an occupational disease is not recognized under the current statute and the Commission will disallow the claim filed herein.

Mr. Greer sought judicial review *de novo* of the Commission's determination in the circuit court. After a bench trial on December 12, 2018, the circuit court affirmed the Commission. Mr. Greer subsequently noted a timely appeal to this Court.

2

## DISCUSSION

The narrow issue before us on appeal is whether a hernia is compensable as an occupational disease under the Act. Although this case was before the circuit court on a petition for judicial review *de novo*, the parties agreed before the circuit court that there was no genuine dispute of material fact and that the case hinges upon a single legal issue. The parties further agree in this appeal that the issue before us is a purely legal one.

The following standard of review applies to our determination in this case:

> Generally, in an appeal from judicial review of an agency action, we review the agency's decision directly, not the decision of the circuit court . . . . We must respect the expertise of the agency and accord deference to its interpretation of a statute that it administers; however, we may always determine whether the administrative agency made an error of law. The Commission's decision "is presumed to be prima facie correct[.]" LE § 9-745(b)(1). That presumption, however, does not extend to questions of law, which we review independently. We do, though, afford the Commission a degree of deference, as appropriate, in its formal interpretations of the Workers' Compensation Act.

*Long v. Injured Workers' Ins. Fund*, 448 Md. 253, 264 (2016).

"The Maryland Workers' Compensation Act is remedial and, as a result, is generally interpreted liberally in favor of the claimant." *McLaughlin v. Gill Simpson Elec.*, 206 Md. App. 242, 253-54 (2012). However, "[a]lthough remedial statutes are, indeed, to be given a liberal construction, the predominant goal of the Court is to ascertain and implement the legislative intent, and the ascertainment of that intent is done, in the first instance, by considering the language used by the Legislature and giving that language a plain and

common sense meaning." *1081 Arundel Corp. v. Marie*, 383 Md. 489, 502 (2004). We

have explained:

> Where the statutory language is plain and free from ambiguity, and expresses a definite and simple meaning, courts do not normally look beyond the words of the statute itself to determine legislative intent. If the words of the statute are susceptible to more than one meaning, it is necessary to consider their meaning and effect in light of the setting, the objectives and [the] purpose of the enactment. Therefore, we construe the statute as a whole and interpret each of its provisions in the context of the entire statutory scheme. Where the statute in question contains no ambiguity, the intent of the legislature is clear and the doctrine of liberal construction does not apply.

*McLaughlin*, *supra*, 206 Md. App. at 252-53 (quotation and citations omitted).

With these principles in mind, we turn to the legal issue at the center of this appeal. We must determine whether Mr. Greer sustained an occupational disease that is compensable under the Act. Section 9-504 of the Labor and Employment Article specifically addresses compensable hernias as follows:

> Except as otherwise provided, an employer shall provide compensation in accordance with this title to a covered employee for a hernia caused by an accidental personal injury or by a strain arising out of and in the course of employment if:
>
>> (1) the covered employee provides definite proof that satisfies the Commission that:
>>
>>> (i) the hernia did not exist before the accidental personal injury or strain occurred; or
>>>
>>> (ii) as a result of the accidental personal injury or strain, a preexisting hernia has become so aggravated, incarcerated, or strangulated that an immediate operation is needed; and

4

(2) notwithstanding any other provision of this title about notice, the accidental personal injury or strain was reported to the employer within 30 days after its occurrence.

Mr. Greer does not assert in this appeal that his hernia is compensable under LE § 9-504, but rather asserts that his hernia is compensable under a separate section of the Act as an occupational disease.[2]  He asserts that LE § 9-504 does not preclude his recovery for a hernia caused by factors other than an accidental personal injury, including as an occupational disease.

As Clifford Sobin observes in his treatise on Maryland Workers' Compensation law, "[h]ernia injuries are a subset of workers' compensation claims that are subjected to different treatment under the law." *Maryland Workers' Compensation*, § 5.3, at 141. Sobin explains:

> The statute, at one time, expanded the universe of potential compensable claims by stating that an employee shall receive compensation, ". . . for a hernia caused by an accidental personal injury or by a strain arising out of and in the course of employment if . . ." [LE § 9-504.]  As a result, an employee could claim benefits for a hernia even if the incident did not meet the definition of an accidental injury.  However, since an accidental injury is now defined as an incident that results in an unexpected, unintended, or unusual injury, almost all strain injuries will most likely be considered accidental injuries.

*Id.* (footnotes omitted).  Prior to the issuance of the Court of Appeals's decision in *Harris v. Bd. Of Educ.*, 375 Md. 21 (2003), claimants were required to prove that the activity

---

[2] The parties stipulated that Mr. Greer's hernia was pre-existing in that it was diagnosed as a small hernia in July 2015 and it did not require an immediate operation as required for hernia to be compensable pursuant to LE § 9-504(1)(ii).

causing an accidental injury was unusual. In *Harris*, the Court of Appeals held that "what must be unexpected, unintended, or unusual is the resulting injury and not the activity out of which the injury arises." *Id.* at 36.

The Act provides for compensation for five categories of injuries and diseases. Section 9-501 of the Labor and Employment Article addresses accidental injuries. Section 9-502 addresses occupational diseases. Section 9-503 addresses presumptions for heart disease, hypertension, lung disease, certain cancers, and Lyme disease for certain public safety employees. Section 9-504, as we discussed *supra*, addresses compensable hernias, and § 9-505 addresses occupational deafness. Hernias are addressed only in LE § 9-504 and are not discussed in any other section. Mr. Greer presents no authority in support of his assertion that hernias are compensable as occupational diseases or under any circumstances other than those specifically set forth in LE § 9-504.

The Commission concluded that only hernias that specifically met the requirements of LE § 9-504 were compensable, and, accordingly, Mr. Greer's hernia was not compensable. As we discussed *supra*, we "afford the Commission a degree of deference, as appropriate, in its formal interpretations of the Workers' Compensation Act." *Long*, *supra*, 448 Md. at 264. The Commission's interpretation of the statute is consistent with the plain language of the statute which provides for compensation for hernias separately from compensation for occupational diseases. Furthermore, Mr. Greer presented no evidence that would support a conclusion his hernia satisfied the definition of "occupational disease" set forth in LE § 9-101(g), which provides that an "occupational disease" is "a disease contracted by a covered employee: (1) as the result of and in the

6

course of employment; and (2) that causes the covered employee to become temporarily or permanently, partially or totally incapacitated."

Section 9-745 of the Labor and Employment Article, governing the conduct for appeal proceedings in workers' compensation cases, provides further support for our conclusion that hernias are compensable only pursuant to LE § 9-504. Section 9-745(c) provides that, on appeal, "[t]he court shall determine whether the Commission . . . justly considered all of the facts about the accidental personal injury, occupational disease, or compensable hernia." The use of the disjunctive "or" suggests that compensable hernias and occupational diseases are two separate and independent bases for which workers' compensation benefits can be sought, not that a hernia can be considered a type of occupational disease. In our view, the use of the disjunctive in this context, combined with the General Assembly's creation of a specific separate statute governing compensable hernias, indicates a legislative intent to exclude hernias from the category of compensable occupational diseases.

Mr. Greer further argued before the Commission and the circuit court that the reference to "a strain" in LE § 9-504 could refer to an occupational disease. In his brief before this Court, Mr. Greer has not fully developed this argument, but he does assert that the use of the word "strain" suggests a recognition that something other than an accidental personal injury might provide the basis for a claim. We are not persuaded that a "strain"

7

could include an occupational disease.[3] In our view, if the legislature intended to cover a hernia as an occupational disease under the Act, there would have been no reason to create a specific separate section detailing when a hernia is compensable pursuant to LE § 9-504. Furthermore, if this was the legislature's intent, the General Assembly would not have specifically omitted the phrase "occupational disease" in its discussion of compensable hernias in LE § 9-504. We consider it more likely that the inclusion of the word "strain" was the legislature's attempt to expand compensation for hernias even when the injury did not meet the pre-2003 definition of accidental injury, which required that an injury result from "unusual activity" to be compensable. As Sobin observed in *Maryland Workers' Compensation*, § 5.3, at 141, since the Court of Appeals's decision in *Harris*, *supra*, "almost all strain injuries will most likely be considered accidental injuries."

Although "[t]he Maryland Workers' Compensation Act is remedial and, as a result, is generally interpreted liberally in favor of the claimant," *McLaughlin*, *supra*, 206 Md. App. at 253-54, the Commission only has those powers conferred upon it by statute. *R.K. Grounds Care v. Wilson*, 235 Md. App. 20, 32 (2017). Moreover, Sobin explains that LE § 9-504 was intended to tilt in favor of the employer:

> The clear intent of the hernia provisions of the Act is to provide additional protections to employers from employees who claim their hernias were as a result of a job-related activity. Such concerns are probably grounded on the following three factors that perhaps in combination apply to hernias to a far greater degree than other injuries:

---

[3] Furthermore, the undisputed facts of this case do not support a conclusion that Mr. Greer's hernia was caused by a single strain. Rather, the evidence demonstrates that Mr. Greer's hernia was caused by certain repetitive lifting actions over a period of several years.

8

(1) it is often difficult to pick a particular event that caused the hernia since the pain or symptoms may not be experienced immediately;

(2) hernias can easily be caused by non-job-related functions; and

(3) hernias usually are relatively easily repairable by surgery which has less risk than other procedures. [footnote omitted]

Therefore, rather stringent requirements have been placed on a claimant by the Act. These requirements provide employers an opportunity to properly investigate claims expeditiously and provide incentives to employees to act quickly to mitigate the effect of the injury.

*Maryland Workers' Compensation*, § 5.3, at 142-43.

The Commission correctly recognized that it only had the authority to award benefits for hernias that satisfied the requirements of LE § 9-504. Mr. Greer did not present a claim for a hernia that was compensable under LE § 9-504, nor does the Act permit compensation for a hernia as an occupational disease. Accordingly, we affirm.

**JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**

The correction notice(s) for this opinion(s) can be found here:

https://mdcourts.gov/sites/default/files/import/appellate/correctionnotices/cosa/3381s18cn.pdf